[No. 26657.   Department Two.   October 22, 1937.]

EDITH M. SULLIVAN, *Respondent*, v. PACIFIC FINANCE
CORPORATION OF CALIFORNIA, *Appellant*.[1]

*Edge & Wilson,* for appellant.

*Edward M. Connelly, Michael J. Kerley,* and
*Raymond F. Kelly,* for respondent.

[1] Reported in 72 P. (2d) 590.

MAIN, J.—The plaintiff brought this action to recover compensation for overtime work which she performed while employed by the defendant. The defendant denied liability and pleaded affirmatively payment and the statute of limitations. The trial resulted in a verdict in favor of the plaintiff in the sum of nine hundred dollars. The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The record does not disclose what disposition was made of the motion for judgment notwithstanding the verdict, but does show that the motion for new trial was overruled. From the judgment entered upon the verdict, the defendant appeals.

The appellant, the Pacific Finance Corporation of California, is a corporation organized under the laws of the state of California, and its principal place of business is in that state. It is authorized, however, to do business in this state, and has a branch office in the city of Spokane. The principal business, speaking generally, carried on at the Spokane office, is what is referred to as automobile financing. This business is of such a character that it fluctuates from day to day and from season to season. The employees frequently worked overtime, of which the local manager was aware, and, as he says, when the overtime became sufficient in amount to justify the employing of additional help, such help was employed.

The respondent, Edith M. Sullivan, was an experienced office woman, and was first employed by the appellant in 1931 as a clerk and stenographer, and she continued in this capacity until September of that year, when she was laid off on account of the recession of business. She returned to work a few months later, in January, 1932, and continued in the employ of the appellant, without interruption, until the latter part of May, 1936, when she was discharged.

Her claim for overtime is based upon an oral contract which she says she made with the manager of the Spokane office on January 4, 1933. She says that she had a discussion with the manager as to overtime and was told by him that overtime was not favored, but that, if she worked overtime, she was to be paid for it on the regular basis, which would amount to fifty or fifty-five cents per hour.

The amount of overtime for the years 1933, 1934, 1935, and 1936 was kept by respondent on desk calendar pads. On these, other memoranda were also kept. The overtime, subsequent to the time when the desk calendar pads were used, was kept on large sheets of paper which the respondent says she kept in her desk. When she left the office at the time of her discharge, she took with her the desk pads, and also these sheets. She testifies that she presented to the manager from time to time a statement of the overtime and asked that it be paid for. This he unequivocally denies. He also denies directly the making of any oral contract. For the overtime amount, the respondent sought recovery in the sum of $1,669.66, which would be the amount to which she would be entitled for all the overtime hours she claimed that she had put in. As above stated, the jury returned a verdict in her favor for nine hundred dollars.

Upon the appeal, the first question to be disposed of is whether the evidence was sufficient to take the case to the jury on the making of the oral contract. We are aware of the rule pointed out by the appellant that a mere scintilla of evidence will not carry a case to the jury, but that the evidence must be substantial. In this case, as already stated, the respondent testified explicitly to the making of the oral contract and the circumstances attending it, as she claims them to be. This testimony cannot be said to be a mere scintilla

of evidence, but is substantial, and, if believed by the jury, would support a verdict.

██ Upon the trial, there were introduced in evidence the desk pads above mentioned, and the sheets of paper which were used in keeping the overtime. Whether the desk pads were properly admissible under the holding in the case of *Foy v. Pacific Power & Light Co.,* 110 Wash. 248, 188 Pac. 514, we shall pass without determination, because there is another reason why their admission was not error in this particular case.

There were also introduced the sheets of paper mentioned, and, prior to the admission of these, the question arose as to their admissibility. The appellant, after listening to the respondent's statement when the sheets were offered, said, in effect, that, it not being contended that the sheets were evidence that the services were rendered, but simply her bill which she had made out, it would interpose the

". . . general objection that it is not evidence of the performance of this contract which she claims she performed. It is simply a self-serving statement prepared by herself."

Immediately thereafter, the court instructed the jury accurately and in detail on what is known as the shop book rule of evidence, and, after this, concluded with this statement:

"So, the Court holds this is not competent or admissible as an original record, but counsel have agreed that it may go in for your convenience. You are to treat it not as an original record and as evidence of what Mrs. Sullivan claims the facts to be, but merely as a record of her claim, what she says she put down and what she says she did."

There appears to have been no objection to this statement by the court. Under such circumstances, we do not think that the general objection made was sufficient

upon which to predicate error. If the large sheets of paper referred to were properly in evidence under the statement made, it follows that it was not prejudicial to permit the introduction of the desk calendar pads.

■ In submitting the case to the jury, the court gave an instruction to the effect that, if the jury believed from a fair preponderance of the evidence that the agreement claimed to have been made by the respondent was, in fact, entered into, and that she performed overtime service under such agreement,

". . . then she would be entitled to a verdict against the defendant representing the amount of overtime you may find that she worked in the service of the company at the rate of fifty-five cents per hour."

After the jury retired, the appellant excepted to this instruction, because it did not limit the amount of overtime for which the respondent could recover to a period within three years prior to the time the action was instituted. The instruction, of course, is too broad, as the first four months of the overtime claimed was for a period of more than three years prior. However, the evidence went in without objection. The appellant did not request the court to limit recovery, if the jury found for the respondent, to a period within the statute of limitations. The verdict was only for a little more than one-half the amount that the respondent was claiming. In view of the situation thus presented, we think the appellant is not now entitled to claim that it was prejudiced by the giving of the instruction.

■ The principal question, and the most serious one presented upon the appeal, is whether the trial court abused its discretion in refusing to grant a new trial. In support of its position in this regard, the appellant invokes the rule that, where the verdict of a jury is based upon the unsupported testimony of the

prevailing party, the trial court overrules a motion for new trial, and the testimony of the prevailing party is inherently improbable, then this court will inquire into whether there has been an abuse of discretion on the part of the trial court in refusing to grant a new trial. *Voelker v. Cleveland,* 168 Wash. 38, 10 P. (2d) 561. The appellant says that the making of the contract was so inherently improbable that the trial court abused its discretion in not granting the new trial.

An extensive argument is made upon this question in the briefs, and much of the testimony is reviewed. We have read and considered the evidence, and are of the view that it cannot be said that the testimony of the respondent was so inherently improbable, under all the facts and circumstances as detailed in the record, as would justify this court in holding that the trial court abused its discretion in refusing to grant the new trial.

There are one or two other contentions made which we have considered, but we do not find in them sufficient substance to justify a detailed discussion.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and ROBINSON, JJ., concur.