[No. 26988. Department Two. August 2, 1938.]

HILDA FERBER et al., Appellants, v. ANNA WISEN, Respondent.[1]

[1] Reported in 82 P. (2d) 139.

*Frank Harrington,* for appellants.

*Burkheimer & Burkheimer,* for respondent.

ROBINSON, J.—This action is based upon chapter 174, Laws of 1913, p. 602 (Rem. Rev. Stat., § 7623 [P. C. § 3526] *et seq.*), entitled, "Minimum Wages For Women," and Order No. 23 adopted by the industrial welfare commission pursuant thereto. This order became effective on October 4, 1921, and was in effect when the matters and things complained of took place. In the introductory part of the order, the commission defined the term "Public Housekeeping" as comprising work in hotels, boarding houses, and similar institutions, and including work done by waitresses. The order, in so far as material to our present inquiry, provided as follows:

"(1) That no person, firm, association, or corporation shall employ any female over the age of eighteen years in any occupation in the Public Housekeeping Industry throughout the State at a weekly wage rate of less than Fourteen Dollars and Fifty Cents ($14.50) per week of forty-eight hours, or at a daily wage rate of less than Two Dollars and Fifty Cents ($2.50) per day of eight hours, or at any hourly wage rate of less than thirty-five cents ($.35) per hour, such wage rates being the estimate of said Conference of the Minimum wage adequate to supply the necessary cost of living and to maintain such employees in health and comfort. (The interpretation of this paragraph affecting the wage rates shall be that the weekly wage rate shall prevail where the employment extends over a period of one week or more; that the daily wage rate shall prevail where employment is for one or more days of eight hours, and the hourly wage rate shall prevail where employment is for less than eight hours in any one day.

"(2) That no person, firm, association, or corporation shall employ any female over the age of eighteen years in any occupation in the Public Housekeeping Industry throughout the State more than six days in any one week: Provided, however, that when a sufficient emergency exists, such as renders it absolutely impossible to secure efficient substitute help, the Employees in the Public Housekeeping Industry may be employed for a continuous period of not exceeding ten consecutive days, at the expiration of which ten day period they shall be given one day's rest. This emergency privilege shall not preclude any such employee from having at least four days' rest in any Twenty-eight day period.

". . . . . . . . . . . . . .

"(9) That when board is furnished 95 cents per day may be deducted; and for a room furnished $2.00 per week may be deducted; that 20 cents may be deducted for breakfast, 30 cents for lunch and 45 cents for dinner; that in every case there shall be a definite agreement as to whether board and room shall or shall not be furnished; that otherwise the straight wage scale shall prevail."

In April, 1937, the appellants, Hilda Ferber and Hannah Halverson, brought this action against the respondent, Anna Wisen, operator of the Alhambra hotel, in Seattle, upon the following allegations:

"That the plaintiffs entered the employment of the defendant on June 20th, 1934 and worked continuously seven (7) days a week until March 1, 1936, as waitresses for the defendant; that the plaintiffs were paid at the rate of Twenty Dollars ($20.00) a month, except during the summer months of July and August during 1934 and 1935; that the plaintiffs were paid at the rate of Fifteen Dollars ($15.00) a month for each of said summer months during both years; that the plaintiffs were paid at the rate of Twenty Dollars ($20.00) a month for all the remaining part of the period aforesaid; that the plaintiffs have each received during the period aforesaid as their only compensation, the sum of Three Hundred Eighty Dollars ($380.00).

"That the laws of the State of Washington provide that women employed as waitresses during the period that the plaintiffs worked for the defendant, shall receive as a minimum wage the sum of Fourteen Dollars and Fifty Cents ($14.50) a week; that during said period of employment of the plaintiffs by defendant the plaintiffs each earned for a period of Eighty-five (85) weeks, the sum of Twelve Hundred Thirty-Two Dollars and Fifty Cents ($1232.50). That by reason of the performance of services by the plaintiffs for the defendant and by reason of the failure of the defendant to pay the plaintiffs more than the sum of Three Hundred Eighty Dollars ($380.00), the defendant is now justly endebted to each of the plaintiffs in the sum of Eight Hundred and Fifty Two Dollars and Fifty Cents ($852.50); that there is now justly due and owing by the defendant to these plaintiffs severally, the sum of Eight Hundred Fifty-Two Dollars and Fifty Cents ($852.50), no part of which has been paid."

Each of the plaintiffs prayed for judgment for $852.50, with interest, costs, and attorney's fees, for the allowance of which the statute makes specific provision.

The amended answer set up (1) that the employment did not begin on June 20, 1934, but on August 22nd of that year, and alleged (2) that it involved the service of but two meals per day, breakfast and dinner, which, less time off for plaintiffs' meals, included less than five hours of actual work per day; (3) that the plaintiffs and defendant agreed that each of the plaintiffs should receive as compensation twenty dollars per month, plus board, room, laundry, and telephone service of the agreed value of fifty dollars per month, except that, during the summer months, the cash consideration should be fifteen dollars per month instead of twenty.

Defendant also sets up that the statute was unconstitutional; that it referred only to full time employment, and other legal defenses not now material.

The case was tried to the court without a jury. We have before us, in addition to the formal findings and conclusions, a memorandum opinion by the trial judge. He found the act constitutional; that it applied to the plaintiffs' employment, and that, although none of the parties knew of the existence of Order No. 23, it became a part of their contract. He, however, ruled against the plaintiffs on the principal issues of fact, finding that the employment did not begin until August 20, 1934, and that the agreed compensation was twenty dollars per month, plus board, lodging, and use of the telephone and laundry. It was admitted that the plaintiffs did not use the rooms. The plaintiffs testified that the rooms were below the ground level and too damp to be livable. There was testimony that the rooms were entirely above ground, and the court found against the plaintiffs on that issue.

The court did not give effect to the contention of the defendant that the agreed value of the board, room, and use of the telephone and laundry was fifty dollars per month, but applied the credits allowable as to board and room prescribed by subd. 9 of Order No. 23, and directed that the plaintiffs should have judgment for an amount to be determined by multiplying the number of weeks from August 20, 1934, to March 1, 1936, by $14.50 per week, charging against the result the amount paid the plaintiffs by the defendant, as determined by the cancelled checks in evidence, board at ninety-five cents per day, and lodging at two dollars per week, as prescribed in subd. 9 of the order. This resulted in the entry of a joint judgment for the plaintiffs in the sum of $207.90.

The plaintiffs have appealed, assigning as error, although not in the following order, that the court erred (1) in finding that the plaintiffs' employment began on August 20, 1934; (2) in giving the defendant credit

for room rental; (3) in giving the defendant credit for meals; (4) in finding the plaintiffs worked for approximately three and one-half hours per day; (5) in refusing plaintiffs any allowance for Sunday work; (6) in refusing to allow plaintiffs interest; and (7) in fixing attorney's fees at one hundred twenty-five dollars. It will be noted that the first four of these assignments are concerned with questions of fact.

As to some of these factual issues, and in particular as to the date the employment began, the record shows that there is a greater quantum of evidence in favor of appellants than was submitted on behalf of respondent. But the quality of evidence must also be considered in determining its weight; and, when it is principally oral, as it is in this case, we have almost no opportunity of appraising its quality, because we are not in a position to form a judgment as to the credibility of the witnesses who gave it. The trial judge saw and heard the witnesses and observed their general disposition and demeanor. We cannot say that his findings are not in accord with the weight of the evidence.

It is assigned as error that no allowance was made for Sunday work. In this connection, we have examined the authorities cited by appellants, namely, notes in 25 A. L. R. at page 218 and 107 A. L. R. at page 702; *Mesloh v. Schulte,* 151 Misc. 750, 273 N. Y. Supp. 699; *McGuire v. Interurban R. Co.,* 199 Iowa 203, 200 N. W. 55; *G. O. Miller Telephone Co. v. Minimum Wage Commission,* 145 Minn. 262, 177 N. W. 341; *Yanoscheck v. Montgomery Ward & Co.,* 176 Wash. 137, 28 P. (2d) 270; *Spokane Hotel Co. v. Younger,* 113 Wash. 359, 194 Pac. 595; *Foy v. Pacific P. & L. Co.,* 110 Wash. 248, 188 Pac. 514; *Stover v. Winston Bros. Co.,* 185 Wash. 416, 55 P. (2d) 821; *Sullivan v. Pacific Finance Corp.,* 192 Wash. 70, 72 P. (2d) 590. These and other authorities

,cited are not very helpful, being, in the main, cases dealing with overtime or with contracts made for the benefit of a third person. The difficulty here is that the order does not, in terms, fit the situation presented. In fact, had the respondent cross-appealed and urged the contention made by her in the lower court, that the order did not cover this particular contract of employment, she would have presented a very serious question.

Order No. 23 provides a minimum wage of $14.50 per week of forty-eight hours and that no person shall be employed for more than six days in any one week. It provides a minimum daily wage rate of $2.50 "per day of eight hours" or a minimum hourly rate of thirty-five cents per hour. As the court found the appellants were employed for seven days per week, but only three and one-half hours per day, it would seem that this might be considered but part-time employment, for the appellants were free to work during the lunch period at other hotels and restaurants, and both of them did so, one of them very frequently. The order provides:

"The interpretation of this paragraph affecting the wage rates shall be that the weekly wage rate shall prevail where the employment extends over a period of one week or more; that the daily wage rate shall prevail where employment is for one or more days of eight hours, and the hourly wage rate shall prevail where employment is for less than eight hours in any one day."

It is apparent that the daily rate could not possibly be applied. It might well be argued that the hourly rate was applicable, for the employment was for "less than eight hours in any one day." The court, however, took the position most favorable to the appellants, and, although the appellants worked but twenty-four and one-half hours per week instead of forty-eight, applied

the weekly rate. To have made further allowances for Sunday work would have been to grant full weekly pay for twenty-one hours' work and an overtime allowance in addition for Sunday work. That could not be considered as overtime under the circumstances, and we think the trial court was right in holding that nothing in the law or the order gave him the right to deal with a violation of the six-day week requirement. In giving the relief awarded, the trial judge went as far as he possibly could, and, perhaps, farther than he should.

It is assigned as error that the court refused to allow interest except from the date of judgment, and contended that interest on the amount of each monthly recovery, as it became due, should have been allowed, or, at least, interest from the date of judgment. It is a general principle that interest is not allowed upon unliquidated demands prior to the time when such demands are merged in the judgment unless the amount thereof could have been ascertained by mere computation. *Wright v. Tacoma*, 87 Wash. 334, 151 Pac. 837. Where no interest is stipulated for, its allowance is by way of damages on account of default. The reason why it is not allowed on unliquidated demands is said, by Sutherland in § 347 in the 4th edition of his work on Damages, to be as follows:

"Interest is denied when the demand is unliquidated, for the reason that the person does not know what sum he owes and therefore cannot be in default for not paying."

In this case, as the court found, neither of the parties supposed that anything was due or owing during the course of the employment. The appellants' demand, when made, was for $1,705. The respondent was not in default in not complying with the demand. She did not know—no one knew—what sum she owed or that

she owed anything until the court found the facts, construed the order, and pronounced judgment in the case.

▮ Finally, it is assigned that the court erred in fixing attorney's fees at $125. When considered from the point of view of the large amount of careful and painstaking work which the record and briefs show that the appellants' attorney performed in this case, the amount is, indeed, ridiculously inadequate. But the fact that the amount to be awarded is payable by the respondent must also be kept in mind. In view of the fact that a demand was made upon her for more than seven times than was actually owing, she was compelled to resist it and to employ attorneys on her own account. If the amount actually owing or some such sum had been demanded, this suit might not have been necessary. In view of the fact that the recovery was for but little over two hundred dollars, and of the other pertinent circumstances, we are of the opinion that the allowance made by the court should not be increased.

The judgment appealed from is affirmed.

MILLARD, BEALS, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting in part)—I do not think the plaintiffs should be charged $2.00 a week for a room which, it is admitted, they did not occupy. To the extent of that item, I dissent.