[No. 30083.   Department One.   April 11, 1947.]

N. FIORITO et al., Appellants, v. A. J. GOERIG et al.,
Respondents and Cross-appellants.[1]

*Loren Grinstead* and *Arthur Grunbaum,* for appellants.

[1]Reported in 179 P. (2d) 316.

*Sam A. Wright* and *Wright, Booth & Beresford,* for respondents and cross-appellants.

MILLARD, J.—This action was instituted by N. Fiorito and two others, doing business as N. Fiorito Company, against A. J. Goerig, doing business as A. J. Goerig Construction Company, and others, for an accounting and to recover from defendants amounts alleged to be due for services rendered and for rental of machinery. Defendants pleaded the relationship of joint venture between plaintiffs and defendants and alleged plaintiffs had been overpaid by the joint venture in the amount of $282.94. The cause was tried to the court, which found that plaintiffs were entitled on their account to $12,097.92, which is approximately five thousand dollars less than plaintiffs claimed. The court also found that appellants were entitled to interest in the amount of $2,065.83, computed from various dates on various sums to July 24, 1946.

Decree was entered awarding to plaintiffs from the joint venture, funds in the amount of $12,097.92, plus interest thereon of $2,065.83. Plaintiffs were also awarded a judgment against the joint venture and the defendants for their distributive share of the net profits of the joint venture, in the amount of $5,582.83. Plaintiffs were denied recovery of accountants' fees and attorneys' fees except the statutory fee of ten dollars, but were awarded their costs in the action. By the decree, it was directed that the judgment awarded to plaintiffs was to be satisfied from the joint venture funds voluntarily deposited in the registry of the court by defendant Goerig and disposition of the residue of the funds should be made as defendants stipulated with plaintiffs, and, in the absence of the filing of such stipulation within thirty days from the date of the decree, the residue of the funds was to be delivered to defendant A. J. Goerig, as the managing agent of the joint venture and as trustee for the members of the joint venture other than the plaintiffs.

Plaintiffs appealed from that portion of the decree denying recovery of attorneys' fees in the amount of $5,550 and fees in the amount of $4,800 for accountants, and in charging

against the joint venture costs and interest awarded to plaintiffs on their claim as creditors of the joint venture. Defendants cross-appealed from that portion of the judgment awarding interest in the amount of $2,065.83 to plaintiffs.

Appellants first contend that, in this equity accounting suit, which it is claimed was caused by the improper and fraudulent bookkeeping and actions of respondent A. J. Goerig, manager of the joint venture, in which appellants preserved and increased a fund brought into court and recast the accounts of the venture in favor of the joint venture, appellants are entitled to a reasonable allowance for attorneys' and accountants' expenses, which in this case the trial court found would be, if appellants are entitled thereto, $10,350.

Appellants argue that this is, in effect, a partnership accounting, hence attorneys' fees and accountants' fees may be allowed as a cost of the joint venture, or partnership, under Rem. Supp. 1945, § 9975-57b, which provides that,

"The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property."

It is insisted that, had not appellants intervened in this action to obtain a proper accounting of the profits of the venture, those profits would have been paid solely to the partnership of respondents Goerig and Philp (Goerig Construction Company), hence the expenses incurred by appellants were reasonable and necessary for the preservation of the property of the venture, and that it follows, under the plain terms of the statute quoted, they are entitled to reimbursement therefor from the venture.

It is unnecessary to review all the authorities cited. It is not disputed that A. J. Goerig, under the joint venture agreement, was to have the management and the responsibility of the operations of the joint venture, the purpose of which was to construct certain utilities for three housing projects in 'Vancouver for the United States Government. Respondent Don Macri acted exclusively for Macri and Com-

pany, and respondents Goerig and Philp acted for themselves individually and for the copartnership of Goerig Construction Company. Macri never participated in the active management of the joint venture, and the evidence does not establish the allegation of appellants that Goerig, with the consent of the other respondents, failed and refused to make a proper accounting of the profits of the venture, or that Goerig, as the manager of the venture, was guilty of fraud or embezzlement in which the other respondents participated. No determination has been made by the trial court of the rights of any members of the joint venture one towards the other, except as to the claims of the appellants. The trial court recognized the fact that the position of appellants that the expenditures which they claimed had been improperly made, was different from that of the other member of the venture, Macri and Company.

Appellants have not successfully maintained an action for the preservation, protection, or creation of a common fund and incurred expenses in that regard which have tended to the common benefit of all. Appellants are not entitled to recovery for personal expenditures made by them in payment for services of accountants and attorneys selected by themselves, under the above-quoted statute. The only cost to which appellants are entitled are statutory costs. The cases involving dissolution of a partnership and for an accounting where a receiver was appointed by the court to settle the partnership accounts or where a referee or master was appointed for that purpose, are not in point.

When the court assumes jurisdiction of a matter of that kind, appoints a receiver, master, referee, or auditor to take an account and report to the court, the costs of the receivers, the fees of accountants or auditors, masters, or referees appointed by the court, and reasonable allowances for the services of the officers so designated, are proper items of expense to be charged against the partnership funds within the jurisdiction of the court. This is a different situation than that which obtains in the case at bar, where the accountants and attorneys were engaged by one of the

parties litigant. Appellants are entitled to only their statutory costs, which were awarded to them.

It is a well-settled rule that, apart from the sums allowable and taxed as costs, there can be no recovery, under the facts of the case at bar, of attorneys' fees or accountants' fees as costs. The term "costs" is synonymous with the term "expense." Costs are allowances to a party for the expense incurred in prosecuting or defending a suit, and the word "costs," in the absence of statute or agreement, does not include counsel fees; in other words, counsel fees are not costs or recoverable expenses incurred in prosecuting or defending a suit, either in suits in equity or actions at law.

Where, as in the case at bar, a specific amount is recoverable under the statute as attorneys' fees, the court cannot allow a greater sum. *State ex rel. Macri v. Bremerton,* 8 Wn. (2d) 93, 111 P. (2d) 612.

The findings of the trial court, which are supported by ample evidence, do not sustain the position of appellants that they preserved the assets of the venture for both the creditors and the venturers, and have incurred expenses which resulted in benefit to others interested in the venture, hence they should receive reasonable compensation therefor. No rights of the members of the joint venture, except the rights of the appellants solely, are established in this case.

This litigation between the parties to the action, was adversary throughout. Appellants contended that, as to them, they were not chargeable with various items in excess of forty thousand dollars shown upon the venture books as operating costs. Appellants succeeded in reduction of these charges, so far as they are concerned ultimately, by more than twenty thousand dollars, but appellants are the only members of the joint venture which gained any advantage by the decree as rendered.

We have consistently followed the general rule concerning allowances of attorneys' fees and other items of expense in preparation of trial, such as accountants' fees, that such allowances will be allowed only in case of agreement

between the parties or by virtue of specific authority. *State ex rel. Macri v. Bremerton,* 8 Wn. (2d) 93, 111 P. (2d) 612.

Where an expert is employed and is acting for one of the parties, it is not proper to charge the allowance of fees for such expert against the losing party as a part of the costs of the action. If the services of an expert are necessary for the proper presentation and determination of the case, such expert or accountant should be appointed by and act under the direction of the court. Where, as in the case at bar, as the employee of one of the parties,

" ' . . . the temptation to act in the interest of such party must be apparent. . . . if either party sees proper to employ the services of an expert for his own benefit, the court should not require the opposite party to pay for the services thus rendered.' " *Boothe v. Summit Coal Mining Co.,* 72 Wash. 679, 131 Pac. 252.

See, also, *Schoenwald v. Diamond K Packing Co.,* 192 Wash. 409, 73 P. (2d) 748, in which we held that the court has no power in an adversary proceeding to assess attorneys' fees in the absence of statute or contract, and that the rule is applicable in equitable as well as in law actions. We further stated that the rule applies with as much or greater force to charges of accountants.

Appellants next contend that the court erred in charging the interest allowed to them as a joint venture cost, while respondents, in their cross-appeal, insist that, as appellants' account was entirely unliquidated, substantial evidence was required to determine what amount, if any, at any particular time, was due and owing to the appellants thereon. As stated above, the members of the joint venture could not agree regarding nearly everything in the account, except the matter of the amount which the appellants had earned for the building of some roads, and as to that, there were substantial back-charges which appellants denied. Respondent Goerig, in view of the contentions made by the other members of the joint venture that there was nothing due the appellants upon their account, would have paid any amounts other than were paid to the appellants at his peril. Nothing remained to be done, in view of the hopeless dis-

agreement of the parties, except to submit the matter to the court to determine whether any sum was due appellants or whether they had been overpaid.

"Where, however, the demand is for something which requires evidence to establish the quantity or amount of the thing furnished, or the value of the services rendered, interest will not be allowed prior to the judgment." *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837.

See, also, *Stover v. Winston Bros. Co.,* 185 Wash. 416, 430, 55 P. (2d) 821, and *Ferber v. Wisen,* 195 Wash. 603, 610, 82 P. (2d) 139.

Appellants are not entitled to allowance of interest prior to the judgment. The interest to which appellants are entitled on the accounts should be treated as a legitimate joint venture expense.

The judgment is affirmed on the appeal and reversed on the cross-appeal.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.