THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



WILL WILSON
ATTORNEY GENERAL

October 10, 1960

Mr. J. S. Grisham
Criminal District Attorney
Canton, Texas

Dear Mr. Grisham:

Opinion No. WW-947

Re: Liability of State for
Attorneys' Fees in
Condemnation Suits by
Counties

We have received your letter in which you request an opinion on the question stated by you as follows:

"Is it proper for the County to bill the State of Texas for 50% as for the attorney's fees actually expended as part of the court cost in the defense and/or prosecution of a condemnation case in the acquisition of land in the construction or improvement of a state highway through Van Zandt County?"

The answer to this question involves a construction of House Bill 620, Chapter 301, Acts of the 55th Legislature, Regular Session, 1957, Page 731 (V.A.C.S. Art. 6673e-1), the pertinent provisions of which read as follows:

"In the acquisition of all rights of way authorized and requested by the Texas Highway Department, in cooperation with local officials, for all highways designated by the State Highway Commission as United States or State Highways, the Texas Highway Department is authorized and directed to pay to the counties and cities not less than fifty per cent (50%) of the value as determined by the Texas Highway Department of such requested right of way, or the net cost thereof, whichever is the lesser amount; provided, that if condemnation is necessary, the participation by the Texas Highway Department shall be based on the final judgment, conditioned that such Department has been notified in writing prior to the filing of such suit and prompt notice is also given as to all action taken therein. Such Department shall have the right to become a party at any time for all purposes, including the right of appeal at any stage of the proceedings." (emphasis added)

In a letter from the County Judge of Van Zandt County attached to your letter, it is stated that it is understood that it is not the legal obligation of the County and/or

District Attorney to represent the State and County as a part of his official duties in condemnation suits to acquire rights of way for the highways above mentioned. (See Opinion No. WW-929 dated September 2, 1960.) The same letter also states that the Texas Highway Department has agreed to pay fifty per cent (50%) of the court costs assessed against the County in condemnation suits to acquire such rights of way but will not participate in the payment of attorneys' fees.

We are concerned with only the items in which the Highway Department is required to participate as provided by the above statute.

It is to be noticed that under this statute the Highway Department is required to participate in the payment for rights of way as follows:

(1) If the property is purchased, it is required to pay the counties and cities not less than fifty per cent (50%) of the value as determined by the Texas Highway Department of such right of way or the net cost thereof, whichever is the lesser amount.

(2) If it is necessary to file a suit to condemn the land, the participation (50%) shall be based upon the final judgment but conditioned that the Highway Department has been notified in writing prior to the filing of such suit and prompt notice is also given as to all action taken therein.

Since participation in a condemnation suit is based on the judgment, the amount of court costs adjudged against the State will be a part of the judgment.

The sole question, therefore, is whether the attorneys' fees expended by the County are a part of the court costs.

In 15 Tex Jur 2d, 51-56, it is said:

"Section 44.

"Attorney fees may be taxed as costs in favor of a stakeholder, or in a suit of interpleader, but a litigant is not liable to his adversary for any sum expended by the latter as attorney fees, except in those cases where the legislature has otherwise provided by statutory enactment, or where the contract so provides."

"Section 45.

"Various statutes provide for the recovery of attorney
fees in certain situations, although not all of the
statutes provide that they are recoverable as costs.
Among situtations where they are recoverable are in
suits on an insurance policy; suits for partition;
garnishment proceedings; and actions involving ser-
vice by publication and the appointment of an attorney
to defend the party failing to appear. And any person
having a valid claim against a person or corporation,
founded on a sworn account or sworn accounts, or for
personal services rendered, labor done, material fur-
nished, overcharges on freight or express, lost or
damaged freight or express, or stock killed or injured,
may, if the claim is presented and not paid within
thirty days after presentment, recover, on obtaining
a final judgment a reasonable amount as attorneys'
fees, if represented by an attorney."

There are also various statutes and court rules allowing
recovery of attorneys' fees as part of the court costs. See
V.A.C.S. Article 7345b(6), Rules 173, 244, and 759 Texas Rules
of Civil Procedure.

We find no applicable statute or court rule providing
for recovery of attorneys' fees in condemnation suits either
as a matter of recovery in a judgment or as court costs.

The case of State v. Dyches 28 Texas 536 (1866) was a
suit where a recovery was had against sureties on a bail
bond for the amount of the bond and costs. The Governor
remitted the judgment except as to costs. No commissions
for the attorneys representing the State and County were
included in the execution for the costs and said officials
filed a motion to retax the costs to include such commissions,
which motion was overruled. In approving the action of the
lower court, the Supreme Court said:

"The motion in this case, it is believed, is based
upon a misapprehension of the rights of the parties.
The clerk had no right to tax, as part of the cost in
this cause, the amount of the commissions which might
become due to the attorneys representing the state,
on receipt of the money for which judgment has been
rendered in behalf of the state. The commissions
which might become due to the officers on collecting
the judgments are not costs to be taxed against the
defendants.

"Costs are 'the expenses of a suit or action which may
be recovered by law from the losing party.' 1 Bouv.
Law Dic. 231. Costs which are incurred in prosecuting

an action are usually adjudged against the losing
party, in addition to the principal sum which may be
adjudged against him. Commissions in this case,
which might have become due to the attorneys if the
money had been collected, should have been taken from
the money so collected, and we have said the commissions
did not become due until the money was received."

In Johnson v. Universal Life & Accident Ins. Co. 127
Tex. 435, 94 S.W. 2d 1145 (1936), the court construed
Article 4736 R.C.S. 1925 (now Section 3.2 Insurance Code)
which provides that a policy holder may recover attorneys'
fees which shall be taxed as a part of the costs in the case.
A question of jurisdiction arose. If the attorneys' fees
were considered as a part of the costs, the Court would not
have jurisdiction, but if such fees were considered as a
part of the amount in controversy, the Court would have
jurisdiction. The Court held that the trial court did
have jurisdiction and said:

"By the term 'costs' is generally understood the fees
or compensation fixed by law collectible by the offi-
cers of court, witnesses, and such like items, and does
not ordinarily include attorney's fees, which are
recoverable only by virtue of contract or statute.
11 Tex.Jur. p. 320; People of Sioux County v. National
Surety Co., 276 U. S. 238, 48 S.Ct. 239, 72 L.Ed. 547."

We find no Texas authorities on the question as to
whether attorneys' fees in condemnation suits constitute a
part of the court costs, but the authorities in other
jurisdictions seem abundant.

The case of Tomten v. Thomas 232 Pac. 2d. 723, 26 A.L.R.
2d 1285 (Montana Supreme Court, 1951) was a condemnation
suit involving attorneys' fees. The statute involved pro-
vided that the amount of damage shall be determined by a
jury and "such amount, together with the expenses of the
proceeding shall be paid by the person to be benefited."
The cost bill included an item of $750.00 for attorneys'
fees for defendants' counsel. This item was disallowed
on plaintiff's motion to retax the costs. In holding
that the attorneys' fees were not properly charged as
costs, the Court said:

"To make the item of attorneys' fees allowable as a
taxable cost under section 93-8618 it must first be
shown that such item is either 'taxable according to
the course and practice of the court, or by express
provision of law.' No such showing was made. None

can be made.  The item is a contract obligation of the losing defendants for which the prevailing plaintiff is not liable.

"The person to be benefited by the opening of the road is the prevailing plaintiff who is required to pay the amount of damage determined by the jury 'together with the expenses of the proceeding'.  Section 93-9923.

"The term 'expenses' as employed in sections 32-1401 and 93-9923, supra, is synonymous with the term 'costs.'

"In Chapin v. Collard, 29 Wash 2d 788, 189 P2d 642, 646, the court said:

"'We have repeatedly held that 'costs' do not include attorneys' fees (other than statutory) or accountants' fees.  In Fiorito v. Goerig, /27/ Wash /2d 615/, 179 P2d 316, 318, we said:

"    "'The term 'costs' is synonymous with the term 'expense.'  Costs are ·allowances to a party for the expense incurred in prosecuting or defending a suit, and the word 'costs' in the absence of statute or agreement does not include counsel fees; in other words, counsel fees are not costs or recoverable expenses incurred in prosecuting or defending a suit, either in suits in equity or actions at law.'"    "

The Court, in the above decision, cites several decisions in condemnation cases which hold that attorneys' fees are not awarded as costs.  These cited cases are as follows: Wormely v. Mason City, etc., Ry. Co. 120 Iowa 684, 95 NW 203; City of Waterbury v. Macken, 100 Conn 407, 124 A 5, 7; Nichol v. Neighbour, 202 Iowa 406, 210 NW 281; Petition of Reeder, 110 Or 484, 222 P 724, 727; North American Realty Co. v. City of Milwaukee, 189 Wis 585, 208 NW 489; McQuade v. Richland Water Co. 39 Pa Co Ct R 587; Sears v. Inhabitants of Nahant, 215 Mass 234, 102 NE 491, 494, Ann Cas 1914C 1296; Commonwealth to Use of Vacco v. New York, etc., R. R. Co. 36 Pa Dist & Co 42, 21 Erie Co 40; Delaware, L. & W. R. Co. V. Fengler, 288 NY 141, 42 NE2d 6, 7; 14 Am Jur, costs, Section 63, p 38; 30 CJS, Eminent Domain, Section 386, pages 91, 92.

The court concludes its opinion with the following language:

"In Ball v. Vason, 56 Ga 264, 267, it is said:  'Let

every man pay his own counsel. . . . The words, costs and expenses, were never meant by this court to apply to fees. A fair construction will not make them mean fees . . .'

"All authorities agree that attorneys' fees are not taxable as part of the costs in an action unless specifically authorized by statute. In this state there is no provision of Constitution or statute that makes the prevailing plaintiff in this action liable for the payment of the attorneys' fees owing by his opponents to their counsel. We find no merit whatever in the appeal and appellants will stand their own costs thereon."

In the anotations at Page 1296 of A.L.R. 2d it is said:

"With few exceptions, the courts in the cases in which the question has arisen have construed condemnation statutes which provided for payment of 'costs,' 'expenses,' 'just compensation,' and the like, without making any express stipulation as regards attorneys' fees, as not intending to provide for the payment of such fees, these not being part of the costs, expenses, or just compensation."

In view of the above, we answer your question in the negative.

## SUMMARY

Attorneys' fees in condemnation suits are not a part of court costs. The State Highway Department is not required under Article 6673e-1 V.A.C.S. to participate in payment of attorneys' fees expended by counties and cities in the acquisition of rights of way for State and United States highways.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
H. Grady Chandler
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Richard Wells
Thomas Burrus
C. K. Richards
Bob Rowland