[No. 2674-1.   Division One.   May 19, 1975.]

HSU YING LI, *Respondent*, v. GORDON TANG, *Appellant*.

*Leslie M. Yates*, for appellant.

*Robert L. Butler* and *James Martell*, for respondent.

SWANSON, J.—This appeal presents the question of whether the trial court's equity jurisdiction, when invoked in a partnership accounting action, permits an award of attorney fees and other expenses as part of a judgment against a negligent partner.

The trial court's findings of fact and all but one of its conclusions of law are not in dispute. Plaintiff Hsu Ying Li[1]

---

[1]Hsu Ying Li's husband, Fang Kuei Li, was added as a party plaintiff in the judgment, but for purposes of convenience, the plaintiffs Li will be referred to herein in the singular.

and defendant Gordon Tang, from January 10, 1964, until the date judgment was entered in this case on November 14, 1973, were engaged in a partnership enterprise to purchase and manage an apartment house located in Seattle's university district. The trial court's findings support its conclusions of law, including conclusion of law No. 2 which states:

> That the defendant was negligent in failing to keep books of account for the partnership, in failing to give accountings when requested by plaintiff and commingling the funds of the partnership with defendant's funds and commingling the expenses and disbursements of the partnership with defendant's expenses and disbursements.

The court found that the plaintiff, in prosecuting her action for a partnership accounting, had incurred expenses totaling $514.13, including an appraiser's fee, property inspection and title report fees, document certification charges, and the cost of a deposition of the defendant. In addition, the court found that the plaintiff had incurred reasonable and necessary attorney fees in the amount of $3,123.75.

The trial court awarded judgment for the plaintiff against the defendant in the amount of $6,973.94. Included in this judgment is an award of $1,818.94 which represents one-half of the attorney fees and other expenses incurred by the plaintiff. The remainder of the judgment constitutes the trial court's determination of plaintiff's share of the partnership assets following the accounting and dissolution. Defendant assigns error to the award of attorney fees and expenses which were included in the judgment pursuant to the following disputed conclusion of law No. 5:

> That the expenses of $514.13 and the attorneys' fees of $3,123.75 incurred and paid by plaintiffs in this action are expenses of the partnership and plaintiffs should have judgment against the defendant for one-half of the expenses and attorneys' fees, or the sum of $1,818.94.

The propriety of this award is the sole issue on appeal.

■ Both parties recognize that the general rule governing the award of attorney fees remains, as was stated by

our State Supreme Court in *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941):

In absence of contract, statute, or recognized ground of equity, a court has no power to award an attorney's fee as part of the costs of litigation.

*Accord, Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 390 P.2d 976 (1964); *Hecomovich v. Nielsen*, 10 Wn. App. 563, 518 P.2d 1081 (1974); *Koch v. Seattle*, 9 Wn. App. 580, 513 P.2d 573 (1973); *Juanita Bay Valley Community Ass'n v. Kirkland*, 9 Wn. App. 59, 510 P.2d 1140 (1973).

■■ In her argument in support of the judgment, the plaintiff effectively concedes that there is no statutory or contractual provision here to sustain the award of attorney fees and other expenses; however, she argues that the trial court properly made the award in the exercise of its equity jurisdiction. Defendant acknowledges that this partnership or joint venture accounting action invokes the court's equity jurisdiction, but contends that attorney fees and other expenses may not be allowed in this case because of the law stated in *Fiorito v. Goerig*, 27 Wn.2d 615, 179 P.2d 316 (1947), and *Schoenwald v. Diamond K Packing Co.*, 192 Wash. 409, 73 P.2d 748 (1937).

We agree. Both *Fiorito* and *Schoenwald* were equitable accounting suits and in both cases the state Supreme Court rejected the claim that attorney and accountant fees should be awarded to the plaintiff in such an action.[2] In *Fiorito*, in contrast to the previously quoted conclusion of law No. 5 of the trial court here, the state Supreme Court rejected the contention that attorney or accountant fees may be allowed as a cost of a joint venture or partnership under Rem. Supp. 1945 § 9975-57b, which the court quoted as follows, *Fiorito v. Goerig, supra* at 617:

---

[2]Plaintiff argues that *Schoenwald* was modified by *Macri*, because the latter recognized that attorney fees may be awarded in equity cases. This argument is without merit inasmuch as *Fiorito*, decided after and citing *Macri*, refused to mandate the award of attorney and accountant fees in equitable accounting actions.

"The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property."

The legislature is presumed to be aware of judicial constructions placed upon a statute. *Thurston County v. Gorton*, 85 Wn.2d 133, 530 P.2d 309 (1975). Thus, it is significant that in the nearly 30 years since the *Fiorito* decision, the legislature has retained the quoted statutory language, despite opportunities to amend. *See* RCW 25.04.180(2).

In considering equitable grounds, the *Fiorito* court noted the failure of the plaintiffs to establish that there was fraud or embezzlement by the defendant or that the defendant failed or refused to make a proper accounting. Here, plaintiff suggests that the negligent failure of the defendant to make a proper accounting distinguishes this case from the situation in *Fiorito*; however, such a distinction is not determinative. The rejection of the plaintiffs' claims for expenses in *Fiorito* was based primarily upon the absence of any showing that the action involved a common fund, or that the plaintiffs' expenses were incurred for the common benefit of all parties, or that the expenditures were necessary to assist the court. As the court stated in language which we deem to be controlling here, *Fiorito v. Goerig, supra* at 618-20:

Appellants have not successfully maintained an action for the preservation, protection, or creation of a common fund and incurred expenses in that regard which have tended to the common benefit of all. Appellants are not entitled to recovery for personal expenditures made by them in payment for services of accountants and attorneys selected by themselves, . . .

When the court assumes jurisdiction of a matter of that kind, appoints a receiver, master, referee, or auditor to take an account and report to the court, the costs of the receivers, the fees of accountants or auditors, masters, or referees appointed by the court, and reasonable allowances for the services of the officers so designated, are proper items of expense to be charged against the

partnership funds within the jurisdiction of the court. This is a different situation than that which obtains in the case at bar, where the accountants and attorneys were engaged by one of the parties litigant. . . .

. . . .

Where an expert is employed and is acting for one of the parties, it is not proper to charge the allowance of fees for such expert against the losing party as a part of the costs of the action. If the services of an expert are necessary for the proper presentation and determination of the case, such expert or accountant should be appointed by an act under the direction of the court.

The importance of the absence of any showing of a common fund or benefit in *Fiorito* is apparent in light of the opinion in *Weiss v. Bruno*, 83 Wn.2d 911, 914, 523 P.2d 915 (1974), where the court permitted recovery of attorney fees on the basis of a common fund theory. In a less than unanimous opinion, it was stated in *Weiss* at pages 912-13:

It is the general rule in the United States as well as in Washington that attorneys' fees are not ordinarily recoverable except pursuant to statute or under a contractual obligation. . . .

However, it has long been the rule that equity may allow reimbursement of attorneys' fees from a fund created or preserved by a litigant for the benefit of others as well as himself. This "common fund" doctrine has its roots in English law. . . . Charges of this nature against public funds have also been allowed. . . .

The principle has been broadened so that it is not limited to the creation or preservation of monetary funds, but extends to situations where a litigant confers some other substantial benefit on an ascertainable class, such as preserving the rights of corporate shareholders.

(Citations omitted.) The court then applied the common fund doctrine to what it characterized at page 914 as the "narrow and very limited circumstances" of that case.

Plaintiff argues that *In re Estate of Glant*, 57 Wn.2d 309, 356 P.2d 707 (1960), requires us to affirm the trial court's award of attorney fees and other expenses. *Glant* involved the exercise of purchase preference rights by surviving partners against a deceased partner's estate, and the state

Supreme Court directed the reimbusement of the decedent's widow for appraiser fees incurred by her in determining the value of her interest. *Glant* is materially distinguishable from the case at bar inasmuch as the reimbursement award was based upon the determination that the expenditures in question commonly benefited the widow and the remaining partners and, further, were necessary for the assistance of the trial court in the exercise of its statutory duty to establish value.[3] In this connection, the court stated with reference to the appraisers, *Glant* at page 316:

> Their valuations were accepted by both the court and respondents. The testimony materially assisted the court in its determination of value, and was of benefit to the remaining partners.

Moreover, it is notable that the *Glant* court *refused* to allow the widow's claim for reimbursement of accounting fees in this language, also at page 316:

> With reference to appellant's claim for reimbursement for expert accounting services, the record discloses that both parties furnished the court with expert accountants' testimony, neither of which was totally relied upon by the court. Under the circumstances of this case, the court properly denied the appellant reimbursement for this expense item.

In the case at bar, the record discloses that the attorney fees and other expenses in question were incurred by the plaintiff solely for her own purposes and benefit in the

---

[3]Plaintiff also contends that *Glant* is controlling because of its reference to 68 C.J.S. *Partnership* § 448 (1950). He notes that the following statement is included in that text at page 1003:

> Attorney's fees in proceedings for partnership dissolution or accounting, or both, may be allowed as costs, in the exercise of the court's discretion, payable out of the partnership estate.

(Footnotes omitted.) Plaintiff also directs us to language indicating that other costs and expenses may be assessed against the partnership assets. Notwithstanding the fact that an examination of the cited text reveals support from other jurisdictions for plaintiff's contentions, we deem *Fiorito* to be controlling in Washington for the reasons we have stated in this opinion. Moreover, as we have also indicated, we do not consider *Glant* to be inconsistent with either *Fiorito* or this case.

prosecution of this lawsuit. There is no showing that the expenditures were incurred for the common benefit of the plaintiff and the defendant, nor does it appear that the expenditures were necessary for the assistance of the court. We conclude that the trial court erred insofar as it awarded the plaintiff reimbursement for attorney fees and other expenses challenged by this appeal. *See Weiss v. Bruno, supra; In re Estate of Glant, supra; Fiorito v. Goerig, supra.*

The judgment of the trial court is reversed insofar as it awarded the plaintiff one-half of her attorney fees and other expenses in the sum of $1,818.94.

FARRIS and JAMES, JJ., concur.

Petition for rehearing denied September 29, 1975.

Review granted by Supreme Court February 2, 1976.