[No. 43389.    En Banc.    January 22, 1976.]

PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, *Respondent*, v. MARILYN J. KOTTSICK, ET AL, *Defendants*, JOHN SMISTAD, ET AL, *Appellants*.

*Paul & Paul, Inc., P.S.,* by *Blair F. Paul,* for appellants.

*Williams, Novack & Hansen, P.S.,* by *Faye Collier Kennedy,* for respondent.

*Roger M. Leed* and *Roderick A. Cameron,* amici curiae, on behalf of Washington Trial Lawyers Association.

HAMILTON, J.—This appeal involves a trial court's denial of an award of attorney fees. The respondent, Public Utility District No. 1 of Snohomish County, filed a summons and petition for condemnation of seven tracts of land in order to construct a transmission line. Several of the direct condemnees filed appearances in the action. None of these condemnees actually appeared at the public use and necessity hearing.

The appellants, John Smistad, Olav Smistad, and Elsie Chandler, owned land which abutted the proposed site of the transmission line. The respondent did not attempt to condemn this land. However, the appellants successfully intervened in the condemnation proceeding. They alleged inverse condemnation as a result of aesthetic damage to their property, violations of budget and local utility district statutes, and violations of the State Environmental Policy Act of 1971, RCW 43.21C. The trial court denied standing to the appellants to assert that they were inverse condemnees. The court below also entered an order striking the appellants' answer with regard to the violation of the budget and local utility district statutes. The court did grant standing to the appellants to assert violations of the State Environmental Policy Act (SEPA). After a trial on the merits, the trial court ruled that the respondent failed to comply with SEPA and denied the certificate of public use and necessity. The trial court subsequently entered an order denying an award of attorney fees and expert witness costs. The respondent did not appeal the judgment. The appellants appealed the trial court's denial of an award of attorney fees.

In absence of a contract, statute, or recognized ground of equity, a court will not award attorney fees as part of the cost of litigation. *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). The appellants claim that they are entitled to fees pursuant to RCW 8.25.075, which provides:

(1) A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if—
(a) there is a final adjudication that the condemnor cannot acquire the real property by condemnation; or
(b) the proceeding is abandoned by the condemnor.
(2) A superior court rendering a judgment for the plaintiff awarding compensation for the taking of real property for public use without just compensation having first been made to the owner, or the attorney general or other attorney representing the acquiring agency in effecting a settlement of any such proceeding shall award

or allow to such plaintiff costs including reasonable attorney fees and reasonable expert witness fees.

The appellants contend that the proposed transmission line will interfere with the view from their property. This anticipated interruption of the appellants' view by the proposed transmission line does not constitute a taking which requires just compensation. 2 P. Nichols, *The Law of Eminent Domain* § 5.72(1), at 5-167 (3d rev. ed. 1970). The appellants were not "condemnees" within the meaning of the statute, and the trial court properly limited standing to the appellants to assert only the violations of SEPA. RCW 8.25.075(1).

Further, the trial court judgment did not result in "a final adjudication that the condemnor cannot acquire the real property by condemnation . . ." RCW 8.25.075(1)(a). The appellants merely established that the respondent violated SEPA. The respondent could subsequently comply with SEPA and condemn the land.

The respondent also did not satisfy the requirements of RCW 8.25.075(2), as the court below did not render "a judgment for the plaintiff awarding compensation . . ." Therefore, the appellants are not entitled to an award of attorney fees under the statute.

Washington has recognized a number of equitable exceptions to the no-attorney-fees rule. A court may grant attorney fees to the prevailing party if the losing party's conduct constitutes bad faith or wantonness. *State ex rel. Macri v. Bremerton, supra* at 113. This exception is not applicable to the present case as the record is void of any bad faith conduct on the part of the respondent.

The appellants also claim that they fall within the "common fund" exception to the no-attorney-fees rule. We first applied this exception to cases where the litigant preserved or created a specific monetary fund for the benefit of others as well as himself. *Peoples Nat'l Bank v. Jarvis*, 58 Wn.2d 627, 364 P.2d 436 (1961). This court broadened the exception in that it is no longer limited to situations where the litigant preserved or created a specific monetary fund. The

exception now extends to situations where the litigant confers a substantial benefit on an ascertainable class. *Baker v. Seattle-Tacoma Power Co.*, 61 Wash. 578, 112 P. 647 (1911); *Grein v. Cavano*, 61 Wn.2d 498, 379 P.2d 209 (1963).

In this case, the appellants did not preserve or create a specific monetary fund. However, the appellants claim that they conferred a substantial benefit upon an ascertainable class—the seven direct condemnees. The record indicates that the appellants solicited the direct condemnees to appear and defend the condemnation action. They chose not to appear. One can only speculate that the successful suit by the appellants benefited the direct condemnees. The failure to appear quite possibly indicates that the condemnees believed that it was in their best interests to have their land condemned. Therefore, the appellants did not prove that the successful litigation substantially benefited the condemnees.

In *Weiss v. Bruno*, 83 Wn.2d 911, 523 P.2d 915 (1974), we announced another variation to the common fund exception. This decision focused on the power of the judiciary, as the primary interpreter and enforcer of the constitution, to award attorney fees to individuals who successfully defend particular constitutional principles. In *Weiss*, the petitioners halted a disbursement of $1 million appropriated by the legislature. The statutes that provided for the disbursement clearly violated the constitutional principle of separation of church and state. The successful litigation did not benefit an ascertainable class. The petitioners were awarded attorney fees because they benefited the general class of all taxpayers, and they met four narrowly defined requirements:

(1) [A] successful suit brought by petitioners (2) challenging the expenditure of public funds (3) made pursuant to patently unconstitutional legislative and administrative actions (4) following a refusal by the appropriate official and agency to maintain such a challenge.

*Weiss v. Bruno, supra* at 914.

The appellants fail to meet three of the *Weiss* require-

ments. First, the action of the respondent was not patently unconstitutional legislative or administrative action. The appellants prevailed because the respondent failed to meet the statutory procedure of SEPA. Second, the *Weiss* litigants permanently halted the disbursement of public funds. The success of the appellants' litigation merely suspends disbursement of public funds to condemn the land. Third, the appellants did not request the appropriate official or agency to maintain the suit in their behalf. Therefore, the appellants are not entitled to fees under the limited circumstances of *Weiss*.

The appellants also assert that they are entitled to attorney fees under the doctrine of "private attorney general." Simply stated, this doctrine provides that a private attorney general may be awarded attorney fees whenever the successful litigant (1) incurs considerable economic expense, (2) to effectuate an important legislative policy, (3) which benefits a large class of people. This court has yet to adopt this exception to the no-attorney-fees rule.[1] We express no opinion on the adoption of this exception as a law of this jurisdiction. Even if we were to recognize this exception, the appellants in this case would not be entitled to an award of attorney fees. The success of the appellants' litigation does not benefit a large class of people. In fact, the effect of the litigation merely benefits the individual appellants. It suspends the construction of a transmission line that interferes with the view from their property.

The judgment of the trial court is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

[1]In *Weiss v. Bruno*, 83 Wn.2d 911, 913 n.1, 523 P.2d 915 (1974), we stated:

"In light of our result herein, we deem it unnecessary to adopt the private attorney general theory in this case. We express no view as to its applicability in other cases."