[No. 43983.    En Banc.    December 9, 1976.]

HSU YING LI, *Petitioner*, v. GORDON TANG, *Respondent*.

*Robert L. Butler* and *James Martell*, for petitioner.

*Leslie M. Yates*, for respondent.

HAMILTON, J.—This appeal concerns an award of costs and attorney fees by the trial court in a partnership accounting and dissolution action.

On January 10, 1964, petitioner, Hsu Ying Li, and respondent, Gordon Tang, established a partnership to manage an apartment house in Seattle, Washington. Respondent also owned other apartments in the Seattle area. The parties jointly managed the apartment house for 5 years, and then respondent assumed sole management responsibilities in September of 1969. Respondent's duties included repairing the apartments, collecting the rent, and disbursing the partnership funds. In June 1972, petitioner filed a complaint in Superior Court seeking an accounting and dissolution of the partnership. The trial court concluded:

[t]hat the defendant [respondent] was negligent in failing to keep books of account for the partnership, in failing to give accountings when requested by plaintiff and comingling the funds of the partnership with defendant's funds and comingling the expenses and disbursements of the partnership with defendant's expenses and disbursements.

Conclusion of law No. 2.

The trial court also found that petitioner incurred $514.13 in necessary expenses, and $3,123.75 in reasonable and necessary attorney fees in pursuing the accounting action. The court entered a judgment awarding petitioner $6,973.94. This amount included $1,818.94 award for one-half of the attorney fees and expenses incurred by petitioner. The remainder of the award represents petitioner's share of the partnership assets following the accounting and dissolution.

Respondent appealed only the portion of the judgment which awarded petitioner the attorney fees and expenses. The Court of Appeals reversed that portion of the judgment. *Hsu Ying Li v. Tang*, 13 Wn. App. 512, 535 P.2d 819 (1975). We granted review of the Court of Appeals decision. *Hsu Ying Li v. Tang*, 86 Wn.2d 1009 (1976). The sole issue before us is whether the trial court exceeded its authority when it awarded petitioner attorney fees and expenses.

We have consistently refused to award attorney fees as part of the cost of litigation in absence of a contract,

statute, or recognized ground of equity. *PUD 1 v. Kottsick,* *86 Wn.2d 388, 389, 545 P.2d 1 (1976); State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). Petitioner concedes there is no statute or contract which vests the trial court with the power to award attorney fees. Petitioner, however, contends the trial court properly exercised its equitable powers when it awarded the attorney fees. We do recognize a number of equitable exceptions to the no-attorney-fees rule. A court may award attorney fees if the losing party's conduct constitutes bad faith or wantonness. *PUD 1 v. Kottsick, supra* at 390; *State ex rel. Macri v. Bremerton, supra* at 113. This exception does not apply to the present case as the trial court did not find any bad faith conduct on the part of respondent.

A court may also award attorney fees if a party meets the requirements of the common fund exception to the no-attorney-fees rule. We have applied this exception to cases where the litigant created or preserved a specific fund for the benefit of others, as well as the litigant. *Peoples Nat'l Bank v. Jarvis,* 58 Wn.2d 627, 364 P.2d 436 (1961). Respondent claims this exception is inapplicable to the partnership accounting and dissolution action and cites *Fiorito v. Goerig,* 27 Wn.2d 615, 179 P.2d 316 (1947), to support his position. We do not believe the *Fiorito* decision is as restrictive as respondent contends. That decision did not reject a common fund exception to the no-attorney-fees rule. In that case, appellants instituted an action for an equitable accounting and sought recovery for the rental of machinery and services rendered. The trial court awarded appellants over $12,000 plus $5,582.83 in profits from a joint venture. The appellants appealed the portion of the judgment which denied them attorney fees and expenses. We stated at page 618 that

> the evidence does not establish the allegation of appellants that Goerig [respondent], with the consent of the other respondents, failed and refused to make a proper accounting of the profits of the venture, or that Goerig, as the manager of the venture, was guilty of fraud or embezzlement . . .

We then held that "[a]ppellants have not successfully maintained an action for the preservation, protection, or creation of a common fund and incurred expenses in that regard which have tended to the common benefit of all." *Fiorito v. Goerig, supra* at 618. Thus, *Fiorito* did not reject the common fund exception to the no-attorney-fees rule. The appellants in that case merely failed to meet the requirements of the exception.

■ This suit, in effect, preserved and protected a common fund—the partnership assets. However, to establish the common fund exception, the suit must benefit others as well as the litigant. *PUD 1 v. Kottsick, supra* at 390; *Peoples Nat'l Bank v. Jarvis, supra.* This suit merely benefited petitioner, as she and respondent are the only partners. Thus, petitioner is not entitled to relief under the common fund exception.[1]

■ However, the power to award attorney fees "springs from our inherent equitable powers, [and] we are at liberty to set the boundaries of the exercise of that power." *Weiss v. Bruno*, 83 Wn.2d 911, 914, 523 P.2d 915 (1974). Given the facts and circumstances of this case, we believe it is appropriate to award petitioner attorney fees.

■ From the time respondent assumed sole management responsibilities in September of 1969 until the time of trial, he kept no records of the names of the tenants nor the amount of rentals collected. He deposited the partnership's funds in the same bank account in which he held

___

[1] Also, in *Weiss v. Bruno*, 83 Wn.2d 911, 523 P.2d 915 (1974), this court announced another variation of the common fund exception. In *Weiss*, the court did not require the litigant to benefit a specific identifiable class. The court awarded attorney fees because the litigant benefited a general class of taxpayers, and the litigant met four requirements:

(1) a successful suit brought by petitioners (2) challenging the expenditure of public funds (3) made pursuant to patently unconstitutional legislative and administrative actions (4) following a refusal by the appropriate official and agency to maintain such a challenge.

*Weiss v. Bruno, supra* at 914. Petitioner does not meet the *Weiss* requirements.

his personal funds. Out of this same bank account he disbursed the partnership's expenses and his personal expenses. He kept no records of which disbursements were for partnership expenses. When petitioner requested an accounting, respondent failed to produce an accounting, because he had kept no records and had commingled the funds and disbursements. Respondent has breached his fiduciary duty to petitioner.[2] These duties are discussed in *In re Estate of Wilson*, 50 Wn.2d 840, 846, 315 P.2d 287 (1957):

> The relation of partners is fiduciary in character and imposes upon the members the obligation of the utmost good faith. *Waagen v. Gerde*, 36 Wn. (2d) 563, 219 P. (2d) 595; RCW 25.04.210. We said in *Simich v. Culjak*, 27 Wn. (2d) 403, 178 P. (2d) 336:
> "It is the universal rule that partners are required to exercise the utmost good faith toward each other, and, where an accounting is had, it is the duty of a partner who manages, conducts, or operates a partnership business, to render complete and accurate accounts of all of the partnership business. This rule is grounded upon the theory that the managing partner is acting as a trustee for his firm."

Respondent's negligent breach of his fiduciary duty to petitioner is tantamount to constructive fraud. *See Johnson v. Mansfield Hardwood Lumber Co.*, 159 F. Supp. 104 (W.D. La. 1958); *Gold v. Los Angeles Democratic League*, 49 Cal.

---

[2]The following statutes establish the fiduciary relationship of partners:

"The partnership books shall be kept, subject to any agreement between the partners, at the principal place of business of the partnership, and every partner shall at all times have access to and may inspect and copy any of them." RCW 25.04.190.

"Partners shall render on demand true and full information of all things affecting the partnership to any partner or the legal representative of any deceased partner or partner under legal disability." RCW 25.04.200.

"(1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property." RCW 25.04.210(1).

App. 3d 365, 122 Cal. Rptr. 732 (1975); *Carnes v. Meador*, 533 S.W.2d 365 (Tex. Civ. App. 1975). Petitioner necessarily instituted this lawsuit to compel respondent to carry out his fiduciary duties as manager of the partnership. The lawsuit preserved the partnership assets and prevented respondent from further commingling the partnership with his separate assets.

A partner should share the expense of a lawsuit when he breaches his fiduciary duty to the other partners. *See* 68 C.J.S. *Partnership* § 448 (1950). Respondent could have performed his management duties and charged the partnership for any expenses he incurred. This action merely performed respondent's duties, and we therefore approve of the trial court's decision to reimburse petitioner for one-half of the expenses of the lawsuit.

The amount of allowable attorney fees is within the discretion of the trial court, and we will overturn the award only if there exists a manifest abuse of discretion. *St. Paul Fire & Marine Ins. Co. v. Chas. H. Lilly Co.*, 46 Wn.2d 840, 286 P.2d 107 (1955). We consider the trial court's award reasonable in light of the facts of this case and find no abuse of discretion.

We reverse the Court of Appeals decision and reinstate the judgment of the trial court.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.