[No. 2328–3.   Division Three.   February 14, 1979.]

DORIS P. SEALS, *Respondent,* v. MAX SEALS, *Appellant.*

---

*Richard R. Greiner,* for appellant.

*Perry J. Robinson,* for respondent.

MUNSON, J.—Max Seals appeals a judgment awarding undistributed community property to Doris Seals, his former wife. In 1975, Doris Seals filed a petition for dissolution against Max Seals. In 1976, a decree of dissolution was entered. Within 4 months, Doris Seals filed a partition action, alleging that certain property had not been disclosed in the dissolution action.

The trial court in the partition action found that Max Seals had breached his fiduciary duty to his wife and had willfully and fraudulently failed to disclose to her and to the trial court the existence of community property in the dissolution action, namely: (1) Two contractors' escrow accounts totaling almost $28,000; (2) several hundred shares of stock in two corporations; (3) proceeds from a checking account with a balance of $22,420. Mrs. Seals was awarded approximately one–half of the above property at 6 percent interest from the date of the dissolution trial. The court also awarded her $9,000 in attorney's fees, plus her costs and expenses for the 2–week trial.

Mr. Seals counters the finding of deliberate concealment by arguing that if Mrs. Seals had used more diligence during discovery, *e.g.,* subpoenas, the property would have been disclosed. Mr. Seals was specifically asked in continuing interrogatories prior to the dissolution trial if he owned any stock in any firm or corporation. He answered, no. No amendments to the interrogatories were ever made. CR 26(e)(2), governing answers to interrogatories, requires that a party is "under a duty seasonably to amend a prior response" if he knows the answer is incorrect or is no longer true; a "failure to amend the response is in substance a knowing concealment." Exhibits and testimony revealed the existence of building contracts, a checking account and

the corporate stock during the marriage and prior to dissolution. Mrs. Seals was not required to resort to subpoenas to discover these assets. We find substantial evidence in the record to support the trial court's finding. *Holland v. Boeing Co.*, 90 Wn.2d 384, 583 P.2d 621 (1978).

The husband next contends that the dissolution action barred the partition action under the principles of res judicata or collateral estoppel. We disagree. The purpose of the doctrines of res judicata and collateral estoppel is to prevent relitigation of the same subject matter by the same parties over the same cause of action. *Meder v. CCME Corp.*, 7 Wn. App. 801, 803, 502 P.2d 1252 (1972). Property undisposed of by a dissolution action becomes property held by the former spouses as tenants in common. *Yeats v. Estate of Yeats*, 90 Wn.2d 201, 580 P.2d 617 (1978); *Olsen v. Roberts*, 42 Wn.2d 862, 864, 259 P.2d 418 (1953). In an action to partition a tenancy in common, the subject matter is not identical to the prior dissolution action. Since the property here was undisclosed, the partition action was necessary for its disposition. Under circumstances such as these, the partition action is simply a continuation of the dissolution proceeding. CR 60(b)(4) and CR 60(e)(1).

Mr. Seals also argues that no fiduciary duty existed between the parties after their separation; thus, he had no duty to disclose. Parties prior to and during marriage have a fiduciary duty to one another in agreements which have been reached between them. *In re Marriage of Hadley*, 88 Wn.2d 649, 565 P.2d 790 (1977); *Friedlander v. Friedlander*, 80 Wn.2d 293, 494 P.2d 208 (1972); *Hamlin v. Merlino*, 44 Wn.2d 851, 272 P.2d 125 (1954). A fiduciary duty does not cease upon contemplation of the dissolution of a marriage. Mrs. Seals had little knowledge of her husband's business. Her attorney testified he relied on the interrogatories; his examination of income tax returns and balance sheets did not reveal the existence of contracts or corporate stocks. The trend has been toward requiring a duty to disclose in commercial transactions, even though there is an

absence of a fiduciary relationship, particularly if one of the parties has superior knowledge of business affairs. *Sigman v. Stevens–Norton, Inc.,* 70 Wn.2d 915, 918, 425 P.2d 891 (1967); *Boonstra v. Stevens–Norton, Inc.,* 64 Wn.2d 621, 625, 393 P.2d 287 (1964); *Kaas v. Privette,* 12 Wn. App. 142, 147–48, 529 P.2d 23, 80 A.L.R.3d 1 (1974). Where a party to a dissolution action, in clear and unambiguous terms, in response to interrogatories (CR 33) asserts the nonexistence of a fact, of which that party has or should have knowledge, the requesting party may rely on such statements. The exercise of reasonable diligence does not require a party to look behind the answers. *See Kurtz v. Fels,* 63 Wn.2d 871, 389 P.2d 659 (1964). Max Seals had a fiduciary duty to disclose all community assets as well as separate property prior to dissolution.

In the decree, the trial judge awarded to Max Seals "All assets used by respondent in conjunction with his business known as Seals Construction Company." Mr. Seals argues that the language of the decree indicates the trial judge intended to dispose of all the property since the undisclosed escrow accounts and the checking account were in the company's business name. However, the oral opinion of that judge, his subsequent findings of fact and an exhibit of his computation on division of the property reveal that he believed the business assets totaled only $5,000. This finding is supported by the record of that proceeding, which did not contain the property here in issue. We find no merit to Mr. Seals' contention.

The court awarded Mrs. Seals $9,000 attorney's fees. Mr. Seals maintains that since the partition action is independent of the dissolution action, the award of attorney's fees allowed under the dissolution statute, RCW 26.09.140,[1] is

---

[1] RCW 26.09.140:
"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, . . .

not permitted. This contention may be answered on several theories.

■ First, RCW 26.09.080 states in pertinent part:

> In a proceeding for . . . disposition of property follow-ing dissolution of the marriage by a court which lacked . . . jurisdiction to dispose of the property, the court shall, . . . make such disposition of the property and the liabilities of the parties, . . .

The language of the statute is applicable here. A trial court has the duty to dispose of "all of the property of the parties *which is brought to its attention* in the trial of a divorce case." (Italics ours.) *Shaffer v. Shaffer*, 43 Wn.2d 629, 630, 262 P.2d 763 (1953). Mrs. Seals filed the partition action promptly after she inadvertently discovered the existence of corporate stock which had not been mentioned in the dissolution proceeding. The present action is a continuation of the original dissolution action. Her pleading and affidavit subsequent to the dissolution decree satisfied the require-ments of CR 60(b)(4) and CR 60(e)(1)[2] permitting relief from a final judgment. To hold otherwise would be to penalize Mrs. Seals for the fraudulent conduct of Mr. Seals. *See In re Marriage of Mahalingam*, 21 Wn. App. 228, 231, 584 P.2d 971 (1978).

■ Second, assuming arguendo that the partition action is an independent action, an award of attorney's fees under RCW 26.09.140 is not automatically precluded. Generally, the court loses jurisdiction to award attorney's fees in a

---

"Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs."

[2]CR 60(b):

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the follow-ing reasons:

". . .

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepre-sentation, or other misconduct of an adverse party;"

dissolution proceeding after the entry of the order of dismissal. However, this rule is not absolute in an action under RCW 26.09.140, when to follow it would be manifestly unjust. *In re Marriage of Firchau*, 88 Wn.2d 109, 112–14, 558 P.2d 194 (1977). To apply the general rule would be manifestly unjust here.

■ Third, a trial court does not exceed its authority in awarding attorney's fees if the losing party's conduct constituted bad faith. *Hsu Ying Li v. Tang*, 87 Wn.2d 796, 798, 557 P.2d 342 (1976); *Snyder v. Tompkins*, 20 Wn. App. 167, 174, 579 P.2d 994 (1978). We find no error nor lack of authority in the trial court's award of attorney's fees. However, the cost of pretrial discovery depositions is not allowed; if such costs were taxed against Mr. Seals, these costs should be modified accordingly. *Arnesen v. Rowe*, 46 Wn.2d 718, 724, 284 P.2d 329 (1955); *Platts v. Arney*, 46 Wn.2d 122, 129, 278 P.2d 657 (1955); *Gabel v. Koba*, 1 Wn. App. 684, 463 P.2d 237 (1969).

■ Prior to the partition action, Mrs. Seals filed a notice of lis pendens on property awarded to Max Seals in order to protect community assets, the extent of which were unknown to her at that time. Mr. Seals contends the trial court erred in dismissing his cross claim for slander of title. Mr. Seals' reference to testimony in the record does not indicate sufficiently the pecuniary loss necessary for a slander of title action, nor the malice required in such a cause of action. *Clarkston Community Corp. v. Asotin County Port Dist.*, 3 Wn. App. 1, 472 P.2d 558 (1970).

Respondent's attorney has requested an award of attorney's fees for this appeal. For the reasons stated above, under RCW 26.09.140, we grant Mrs. Seals' attorney $2,000 in fees.

---

CR 60(e)(1):

"*Motion*. Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding."

Judgment affirmed except as modified for pretrial discovery depositions.

McINTURFF and ROE, JJ., concur.

Reconsideration denied March 13, 1979.

Review denied by Supreme Court April 25, 1979.