[No. 13743-3-I.   Division One.   May 19, 1986.]

WHEATON BLANCHARD, *Appellant*, v. ENERGY ASSOCIATES NORTHWEST, ET AL, *Respondents.*

*Wheaton Blanchard,* pro se.

*Lasher & Johnson* and *Anthony J. W. Gewald,* for respondents.

WEBSTER, J.—The former managing partner of a partnership sued his partners and the partnership for reimbursement of certain expenses and for restoration of withheld revenues. The defendants counterclaimed for conversion of capital funds and breach of fiduciary duty. The defendants prevailed at trial, and plaintiff appeals. We reverse and remand for a dissolution and accounting.

## FACTS

In 1977, plaintiff Wheaton Blanchard, an oil and gas investment promoter, and defendant Robert St. Louis, an attorney, formed Energy Associates Northwest (EANW), a general partnership to manage oil and gas investments. Other members of the partnership were wealthy investors, primarily St. Louis's clients.

St. Louis prepared a management agreement that provided he and Blanchard were to manage the affairs of the partnership and receive a commission on each new partner's investment contribution as well as a percentage of all partnership income.

The 1977 program was successful and in 1978, the partners decided to deduct $4,000 per month from program revenues to cover a $2,000 salary to Blanchard and an additional $2,000 for all management costs. Blanchard managed all the day–to–day affairs of the partnership.

Encouraged by their success, St. Louis and Blanchard put together a 1978 investment program with several additional partners. The managing partners collected their 8 percent commission, and when revenues began from the 1978 program in 1979, Blanchard unilaterally began deducting $400 per month from revenues to cover management expenses.

Much of the 1978 program money was invested with a company owned by Dan Horn, a geologist and promoter whose office was adjacent to Blanchard's office. In 1979,

Blanchard put together another investment program, made up of some of the old partners and many new investors. Without informing St. Louis, Blanchard had these investors sign the 1977 partnership and management agreements, collected about $940,000 to invest with Horn's company, and took the entire commission for himself.

In 1980, when the 1979 program began producing revenues, Blanchard assessed a $1,000 monthly management charge against revenues. Blanchard stopped this assessment in September of 1980 after one of the partners objected to the charge.

The 1979 program was not very successful. Blanchard concluded that Horn had misrepresented the potential of his projects. Blanchard used partnership management funds to hire a securities lawyer to investigate the dispute with Horn.

The friction between Horn and Blanchard grew, partly because of the proximity of their offices. Members of the various partnership programs felt that Blanchard's personality conflict with Horn made negotiation impossible. On June 3, 1981, at a meeting of all of the EANW partnership programs, the partners elected to remove both Blanchard and St. Louis as comanaging partners. An executive committee, with one representative from each partnership program, was formed to handle management.

Just prior to his removal as managing partner, Blanchard had withdrawn $16,000 from the partnership capital preservation fund to pay for certain expenses for which he thought reimbursement was due from the partnership. The executive committee had been reluctant to grant many of Blanchard's reimbursement requests. In order to restore the capital preservation fund, the executive committee began withholding Blanchard's revenues. Blanchard then filed suit, seeking reimbursement of over $30,000 for expenses, a temporary restraining order restoring his revenues, appointment of a receiver, and dissolution of the partnership. The defendants counterclaimed for conversion and breach of fiduciary duty. They also sued Blanchard for

his refusal to pay the remainder of subscriptions to two different wells, to which he had committed the partnership. After a 6-day trial, the judge dismissed Blanchard's claims and granted judgment to the defendants in the amount of $48,737.30 plus $29,000 in attorney's fees.

### DISSOLUTION AND ACCOUNTING

■ The general rule is that a partner cannot sue a copartner before there has been a dissolution of the partnership or an accounting between them. *Cheesman v. Sathre,* 45 Wn.2d 193, 198, 273 P.2d 500 (1954). There is no cause of action between partners arising out of the partnership transactions except an equitable action for an accounting. *Stipcich v. Marinovich,* 13 Wn.2d 155, 163, 124 P.2d 215 (1942). *See also Ferguson v. Jeanes,* 27 Wn. App. 558, 565, 619 P.2d 369 (1980).

This suit between Blanchard and the remaining partners of EANW proceeded to judgment without a dissolution or accounting. It appears that Blanchard still retained an interest in the partnership, which was itself named as a defendant. Without an accounting, it is impossible to tell exactly who owes what to whom. This case is further complicated by the trial court's finding that each of the EANW programs—1977, 1978, 1979—were actually separate partnerships. Yet the judgment fails to specify which partnerships are entitled to and in what percentage they are entitled to the judgment moneys. The fact that Blanchard still retains an interest in these various partnerships implies that he himself is entitled to a portion of the judgment.

Although the defendants assert otherwise, Blanchard clearly asked for an accounting in his complaint, at a pretrial hearing, and several times at trial.

We therefore reverse and remand for a full accounting.

■ Because the issue of attorney's fees will undoubtedly arise again at the accounting action, we note that the trial court erred in awarding attorney's fees to the defendants under the common fund exception. The common fund

exception is not appropriate here because only the litigants benefited from this action. *Hsu Ying Li v. Tang,* 87 Wn.2d 796, 557 P.2d 342 (1976); *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978). All of the members of the various EANW partnerships were parties to the litigation. (The defendants argue that two of the partners were not served and therefore not properly made parties to the lawsuit; however, these partners made an appearance below.)

In *Hsu Ying Li v. Tang, supra,* the court rejected the common fund exception, but ordered the defendant to pay one-half of the plaintiff's attorney's fees because the defendant had committed constructive fraud and the suit was brought to compel him to perform his partnership duties. The defendant thus shared in the expense of the lawsuit as one of the two partners in the partnership. Even assuming that *Tang* might apply to the instant case, the judgment against Blanchard for all of the attorney's fees of a multimember partnership is entirely out of proportion to the award in *Tang.*

We reverse and remand for a full accounting and dissolution of the several partnerships.

GROSSE, J., and REVELLE, J. Pro Tem., concur.