[No. 30374-1-I.   Division One.   December 27, 1994.]

JACKIE DEMPERE, *Appellant*, v. RANDALL NELSON, ET AL, *Respondents*.

*Matt O. Meara*, for appellant.

*Jeffrey T. Broihier, Douglass A. North*, and *Maltman, Reed, North, Ahrens & Malnati, P.S.*, for respondents.

BAKER, J. — Jackie Dempere appeals from judgment in her action against Randall Nelson for various intentional

torts, based on Nelson's harassment of Dempere and his intentional burning of her home. Dempere contends the court abused its discretion in refusing to allow the testimony of a witness who had not been disclosed in compliance with the case schedule, and erred in concluding that it lacked the legal authority to award attorney fees. We affirm.

Dempere's amended complaint included a claim based upon telephone harassment. Pursuant to local rules, the parties were required to disclose primary witnesses by September 9, 1991. The order on pretrial conference required the parties to identify by January 20, 1992, which of the previously disclosed witnesses the parties would call at trial, and provided that failure to disclose witnesses "shall result in the exclusion of the witnesses' testimony" at trial.

On January 28, 13 days before trial, Dempere disclosed Professor Alan Reich as an additional expert witness. Reich would use voice identification expertise to identify the caller on a taped telephone call in support of Dempere's telephone harassment claim. Nelson objected to the late disclosure of Reich. Dempere argued that the expert should be permitted to testify because she had previously requested the fire investigator to locate a voice expert and the inspector was unable to do so. Dempere stated that she had located the expert by happenstance on the same day she disclosed him as a witness. Nelson opposed the additional witness because of the prejudice of conducting additional discovery, finding countering experts and the attendant delay. The trial court excluded the witness. The jury did not find for Dempere on her telephone harassment claim.

The jury found for Dempere on her claims of battery, intentional infliction of emotional distress, outrage, trespass, conversion and invasion of privacy. Following trial, Dempere moved for an award of attorney fees based on Nelson's bad faith misconduct. The court denied the motion, concluding that it did not have the legal authority to award attorney fees in this type of case.

I

Dempere contends the trial court abused its discretion in excluding Dr. Reich from testifying. The decision to exclude

witnesses who are not properly disclosed in discovery is within the trial court's discretion. *Lampard v. Roth*, 38 Wn. App. 198, 202, 684 P.2d 1353 (1984). A court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Dempere failed to disclose Reich as required by the case schedule and the pretrial order. A trial court does not abuse its discretion when it excludes witnesses for a willful violation of a discovery order. *Allied Fin. Servs., Inc. v. Mangum*, 72 Wn. App. 164, 168-69, 864 P.2d 1, 871 P.2d 1075 (1993).

Dempere contends she had just discovered Reich and therefore did not willfully fail to disclose him. We are not persuaded that Dempere's efforts to locate a voice identification expert were sufficient to excuse the belated discovery and disclosure of this expert witness. "A violation of a court order without reasonable excuse will be deemed willful." *Allied*, 72 Wn. App. at 168 (citing *Lampard*, 38 Wn. App. at 202). We therefore find no abuse of the trial court's discretion in its decision to exclude a witness who was not timely disclosed as required by the case schedule.

## II

■ Dempere contends the trial court erred as a matter of law in concluding that it lacked legal authority to award fees in an intentional tort case. We review the trial court's conclusions of law de novo. *State v. McCormack*, 117 Wn.2d 141, 143, 812 P.2d 483 (1991), *cert. denied*, 112 S. Ct. 1215 (1992).

■ Washington follows the American rule that a prevailing party normally does not recover its attorney fees. *Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994). "Attorney fees may be awarded only if authorized by 'contract, statute or recognized ground in equity'."[1] *Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993) (quoting *Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist.*, 96 Wn.2d 806, 815, 638

---

[1]Dempere does not claim to be entitled to fees by contract or statute.

P.2d 1220 (1982)); *PUD 1 v. Kottsick*, 86 Wn.2d 388, 389, 545 P.2d 1 (1976). Washington cases mention four recognized equitable grounds for awards of attorney fees: *"[B]ad faith conduct of the losing party*, preservation of a common fund, protection of constitutional principles, and private attorney general actions." (Italics ours.) *Miotke v. Spokane*, 101 Wn.2d 307, 338, 678 P.2d 803 (1984). Dempere contends she is entitled to attorney fees under the bad faith theory. We agree that if a defendant's bad faith tortious conduct entitled a plaintiff to recover attorney fees, Dempere would be entitled to such a recovery under the egregious facts of this case.

However, whether bad faith is a recognized equitable ground for an award of attorney fees in Washington is debatable at best. None of the Washington cases cited by the parties actually award attorney fees on this basis. Many cases assert, without explanation, that there is a bad faith equitable theory. *See Clark v. Horse Racing Comm'n*, 106 Wn.2d 84, 93, 720 P.2d 831 (1986); *Miotke*, 101 Wn.2d at 338; *Hsu Ying Li v. Tang*, 87 Wn.2d 796, 799, 557 P.2d 342 (1976); *Kottsick*, 86 Wn.2d at 390; *Lyzanchuk v. Yakima Ranches Owners Ass'n*, 73 Wn. App. 1, 10 n.2, 866 P.2d 695 (1994); *Bentzen v. Demmons*, 68 Wn. App. 339, 349 n.8, 842 P.2d 1015 (1993). Some recent cases have questioned the existence of the elusive bad faith exception.

> [I]t is said that a prevailing party is entitled to attorneys' fees if the conduct of the losing party constitutes bad faith or wantonness, citing *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). *Macri* does not support [appellants'] claim. Probably the nearest case in point is *Hsu Ying Li v. Tang*, 87 Wn.2d 796, 797-98, 557 P.2d 342 (1976). However, *Hsu*'s award of attorneys' fees was only superficially based on proof of constructive fraud (a stronger claim than that made here). The actual award stemmed from the prevailing party's having preserved partnership assets, *i.e.*, an identifiable fund. Thus, even *Hsu* is not in point. Assuming *Macri* supports appellants' assertion, however, the record is not sufficient to establish wantonness and bad faith on the part of the losing party. Without question the case has been hard fought with considerable legal in-fighting and delay by ASARCO. Nevertheless, we are not prepared to say, without more evidence, that this alone rises to the stature claimed by appellants.

If appellants are entitled to recover attorneys' fees under some theory, whether set forth above or otherwise, it is not self-evident. The request for an award of fees is denied.

(Citation omitted.) *Asarco, Inc. v. Air Quality Coalition*, 92 Wn.2d 685, 716, 601 P.2d 501 (1979).

Bad faith conduct, although occasionally mentioned as a basis for a fee award (*e.g., Hsu Ying Li v. Tang*, 87 Wn.2d 796, 798, 557 P.2d 342 (1976)), does not appear to have been the basis of any award approved by this court. Only one case from this jurisdiction cited by plaintiffs affirms a fee award on this ground, and it does so without discussion. *Seals v. Seals*, 22 Wn. App. 652, 658, 590 P.2d 1301 (1979).

*Miotke*, 101 Wn.2d at 338. *See also Malarkey Asphalt Co. v. Wyborney*, 62 Wn. App. 495, 509 n.2, 814 P.2d 1219, 821 P.2d 1235 (1991).

The bad faith theory apparently originates in *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 113, 111 P.2d 612 (1941). *Kottsick, Hsu, Asarco,* and *Clark* all cite *Macri*. However, *Macri* does not actually mention a bad faith equitable theory which would apply to the underlying torts. *Macri* and later cases suggest that attorney fees may be awarded where a party's bad faith conduct *in litigation* has necessitated additional fees or further legal proceedings. *Macri*, 8 Wn.2d at 113.

"Counsel fees other than statutory costs have been allowed under certain classifications. They include (1) cases of enforcement of judicial authority, as where misconduct of a party amounting to contempt of court has caused the opposing party to incur counsel fees, or where a person retains possession of property after a judicial determination of the wrongful character of his possession, thus forcing the party wronged to the expense of further proceedings to recover possession or otherwise enforce his rights. Even in the second proceeding to enforce rights judicially declared in a prior action, the wronged party is not allowed anything for counsel fees in the first litigation.

(Citations omitted.) *Macri*, 8 Wn.2d at 105 (quoting *Guay v. Brotherhood Bldg. Ass'n*, 87 N.H. 216, 177 A. 409, 97 A.L.R. 1053 (1935). The reference to "legal in-fighting" in *Asarco*, 92

Wn.2d at 716, also implies that it is bad faith in the conduct of litigation which may warrant an award of attorney fees.[2]

This case presents the issue of whether the bad faith inherent in intentionally tortious conduct on which a cause of action is based provides an equitable basis for an award of attorney fees. No Washington case cited by the parties has awarded fees based on bad faith where the bad faith was the same wrongful conduct which made the defendant liable for the underlying tort. In the absence of helpful precedent, we turn to the question of whether any tenable rationale would support our recognition of such an equitable theory in Washington.

Jurisdictions which allow punitive damages typically allow an award of attorney fees as an element of punitive damages. *See Villella v. Waikem Motors, Inc.*, 45 Ohio St. 3d 36, 41, 543 N.E.2d 464, 470 (1989). An Illinois court has noted that attorney fees for wrongful conduct are inseparable from punitive damages. In *Glass v. Burkett*, 64 Ill. App. 3d 676, 381 N.E.2d 821 (1978) a vendor sued a real estate broker for breach of fiduciary duty. The trial court found for the plaintiff and awarded punitive damages and attorney fees. Affirming the award of punitive damages, the court noted that "[p]unitive damages are recoverable only where a wrongful act is accompanied by aggravating circumstances such as *willfulness, wantonness, malice or oppression.*" (Italics ours.) *Glass*, at 683. The defendant argued on appeal that the attorney fees were improperly awarded as a separate award of damages. The reviewing court disagreed.

---

[2]The suggestion in *Miotke*, 101 Wn.2d at 338, that *Seals v. Seals*, 22 Wn. App. 652, 654, 590 P.2d 1301 (1979) affirmed an award of attorney fees on grounds of bad faith "without discussion" is not entirely correct. The context makes clear that the award of fees in *Seals* was based on a party's misconduct *as a litigant.* In *Seals* a former wife sued her former husband for failing to disclose community property to the dissolution court. The second trial court found that the husband had failed to disclose assets and awarded the wife a portion of those assets plus her attorney fees. *Seals*, 22 Wn. App. at 654. This award of fees for the additional cost of a second legal proceeding, necessitated by the husband's misdeeds in the original dissolution, is consistent with the language in *Macri*, quoted above.

> Wrongful conduct of the defendant, which has been character-
> ized as being either *wilful, wanton, malicious, or oppressive*, is
> the root of all cases where litigation expenses have been
> allowed as an exception to the general rule that litigation ex-
> penses are not allowable to the successful party[.]

(Italics ours.) *Glass*, at 683.

The rationale which would support an award of attorney
fees for intentional wrongdoing is the need to deter and pun-
ish bad faith misconduct. This is essentially the rationale
behind punitive damages. *See Glass v. Burkett, supra*. How-
ever, Washington does not recognize punitive damages. *Barr
v. Interbay Citizen's Bank*, 96 Wn.2d 692, 699, 635 P.2d 441,
649 P.2d 827 (1981). This has been settled Washington law
since the rationale underlying punitive damages was first
rejected over 100 years ago. In *Spokane Truck & Dray Co. v.
Hoefer*, 2 Wash. 45, 51-52, 25 P. 1072 (1891) our Supreme
Court considered and rejected the argument that civil ac-
tions should not only compensate the injured party but also
punish the offender.

Our research has not discovered any other coherent ratio-
nale which would support awards of attorney fees for bad
faith or intentional torts in a state (like Washington) which
adopts the American rule but rejects punitive damages.
Consequently, we hold that bad faith in the underlying tor-
tious conduct is not a recognized equitable ground for
awards of attorney fees in Washington.

Dempere also argues that attorney fees should be
awarded because the guiding principle of tort law is to make
the injured party as whole as possible through pecuniary
compensation. *DeNike v. Mowery*, 69 Wn.2d 357, 371, 418
P.2d 1010, 422 P.2d 328 (1966). This argument does not sup-
port a distinction between bad faith intentional torts and
other causes of action.

> Underlying the rule that the prevailing litigant is ordinarily
> not entitled to collect his counsel fees from the loser is the
> principle that no person should be penalized for merely defend-
> ing or prosecuting a lawsuit. An additional important consider-
> ation is that the threat of having to pay an opponent's costs

might unjustly deter those of limited resources from prosecuting or defending suits.

*Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977). This reasoning applies with equal force to intentional torts involving bad faith. Dempere's claim that Nelson had acted in bad faith did not deprive Nelson of the right to fairly litigate Dempere's claims. An exception to the American rule for bad faith or intentional torts would deter parties accused of such conduct from defending themselves in court. In the absence of any suggestion that Nelson's legal defenses to Dempere's claims were not meritorious or were advanced in bad faith, we will follow the American rule and reject Dempere's claim for attorney fees.

Finally, Dempere argues that this court has inherent equitable power to award attorney fees in exceptional circumstances. Dempere's reliance on *Weiss v. Bruno*, 83 Wn.2d 911, 523 P.2d 915, 89 A.L.R.3d 681 (1974) is misplaced. In *Weiss* the Supreme Court applied the common fund theory to reimburse petitioners who successfully challenged the expenditure of public funds on constitutional grounds. The respondent school superintendent argued that the common fund theory did not apply because there was no actual fund under the court's control. *Weiss*, 83 Wn.2d at 912-13. The Supreme Court noted that since the ability to award attorney fees under the common fund theory sprang from the court's equitable powers, so did its authority to determine the extent to which the common fund theory applied. *Weiss*, 83 Wn.2d at 914. *Weiss* cannot be read to confer an unlimited equitable power to determine when attorney fees should be awarded. Our Supreme Court has been reluctant to exercise whatever equitable power it has in this context.

> [A]ppellants assert a claim for attorney's fees based upon this court's alleged equitable and supervisory powers. We are not informed why or under what applicable facts we should exercise these alleged powers to grant attorneys' fees. Lacking this essential information, we will not grant the request.

*Asarco*, 92 Wn.2d at 715. We likewise reject Dempere's request for fees and affirm the trial court's determination that

it lacked the legal authority to award Dempere her attorney fees.

Dempere requests her attorney fees on appeal, pursuant to RAP 18.1, on the same bad faith theory. Given our resolution of the issue of whether such fees may be awarded, we decline to award attorney fees on appeal on the same basis.

Affirmed.

PEKELIS, C.J., and KENNEDY, J., concur.

Review denied at 126 Wn.2d 1015 (1995).