# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BRENT M. STROBECK, | ) | No. 69203-8-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DAVID BROCK, | ) | |
| Respondent. | ) | FILED: September 23, 2013 |

2013 SEP 23 AM 9:54 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

GROSSE, J. — In this appeal from a defense verdict in a personal injury case, Brent Strobeck challenges the trial court's denial of his motion to exclude video evidence disclosed for the first time during trial. Because we conclude the record is inadequate for review and does not demonstrate prejudicial error in any event, we affirm.

## FACTS

In June 2010, Strobeck sued David Brock for personal injuries allegedly occurring when Brock drove his car over Strobeck's foot. The complaint alleged that Strobeck was removing items through the open door of Brock's car when Brock "negligently and carelessly removed his foot from the vehicle's brake pedal and began to drive off driving over [Strobeck's] left ankle and foot."

In November 2011, Strobeck served Brock with interrogatories and requests for production. Interrogatory 21 stated as follows:

> List any and all photographs, motion pictures, **videos**, slides, drawings, diagrams, maps, or other graphic or electronic representations **depicting the INCIDENT scene, the vehicles, any property damage, or any injuries**. For each such item state the name, address and telephone number of the custodian of the item, the date it was created, and who created the item.[1]

---

[1] (Emphasis added.)

Brock's response to interrogatory 21 stated: "None known."

Shortly before trial, Brock obtained a video showing Strobeck walking without a noticeable limp during a period in which he claimed to have significant disability, including a limp. Brock did not supplement his answer to interrogatory 21 or disclose the video.

At trial, Strobeck testified on direct examination that his foot was run over after he shut the door to the car: "I just shut the door and went to turn and walk away, and my foot was run over by the vehicle, by the tire." He denied exaggerating his injury in order to avoid deployment to Iraq.

Cross-examination focused on Strobeck's injury, particularly his limp, and his credibility. He conceded that a video of him at a workplace revealed no limp, but he explained that his symptoms had been temporarily relieved by a lumbar block procedure. Defense counsel then requested a sidebar and disclosed the existence of a surveillance video showing Strobeck walking without a limp at a different time. The court dismissed the jury, heard arguments regarding the video, and recessed for the weekend. The proceedings relating to the video have not been transcribed.

After the weekend, Strobeck moved to exclude the surveillance video on the ground that the defense was required to disclose it in a supplementary answer to interrogatory 21. Defense counsel argued that a plain and/or good faith reading of the interrogatory indicated that it only required disclosure of videos depicting "injuries," that the video did not depict an injury, and that in any event a continuance, not exclusion of the video, was the appropriate remedy for

2

any discovery violation. Counsel also argued that the motion came too late because the evidence had already been admitted.

In denying the motion to exclude, the trial court noted that the video had already been admitted without objection so the issue was waived. The court added that the video was rebuttal evidence and "[o]ne does not need to disclose rebuttal."

The court then played the video for the jury. Defense counsel questioned Strobeck at length about his limp and the gait depicted in the video.

The jury retired with a series of special verdict forms asking first whether Brock was negligent. If the jury found no negligence, it was to "STOP, date and sign this form and notify the bailiff. Do not complete any of the remaining questions . . . ." The jury answered "No" to the question of whether Brock was negligent and left the remaining questions unanswered.

Strobeck appeals.

## ANALYSIS

Strobeck contends the trial court abused its discretion in denying his motion to exclude the video evidence for alleged violations of discovery rules.[2] He claims Brock knowingly concealed the video and failed to supplement his response to interrogatories as required by CR 26(e)(2)(b). Strobeck's claim fails for several reasons.

---

[2] A trial court's ruling regarding violations of discovery rules is reviewed for abuse of discretion. See, e.g., CR 26(e)(1); In re Marriage of Gillespie, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997) (late disclosure of expert); Dempere v. Nelson, 76 Wn. App. 403, 405-06, 886 P.2d 219 (1994) (late disclosure of expert).

First, Strobeck has not provided a sufficient record for review. It is the appellant's burden to provide this court with all portions of the record necessary to review the issues raised on appeal.[3] Strobeck has provided only a portion of the trial transcript. The record does not include portions of the plaintiff's case, all of the defense case, and closing arguments. This record is insufficient for purposes of determining whether the alleged error was waived[4] or harmless.[5]

Second, even if we were to review the alleged error on the record provided, we would conclude any error was harmless. The video was relevant only to the issues of damages and Strobeck's credibility. The jury never reached the issue of damages because it decided that Brock was not negligent.[6] While Strobeck's credibility was central to the issue of damages, the same cannot be said regarding the issue of negligence. The record provided indicates that the defense theory was not that Strobeck was lying about the accident, but rather that his own negligence caused it and that he was fabricating or exaggerating his

_____

[3] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988); RAP 9.2(b).

[4] As previously noted, the trial court ruled that the issue was waived, stating "[t]here was originally a hearsay objection raised and then it was withdrawn. So the surveillance video has already been admitted."

[5] Kramer v. J.I. Case Mfg. Co., 62 Wn. App. 544, 559-60, 815 P.2d 798 (1991) (rejecting claim of evidentiary error because evidence was only relevant to damages, jury did not reach damages, and any effect on the verdict was unreviewable in any event because of inadequate record).

[6] See Kimball v. Otis Elevator Co., 89 Wn. App. 169, 174-75, 947 P.2d 1275 (1997) (even if error, denial of motion to exclude evidence for violation of discovery rules was harmless because it "related solely to the issue of damages, which the jury never reached, and not the issue of liability").

resulting disability.[7] In addition, the video was cumulative of other evidence casting doubt on Strobeck's credibility, including another video[8] and various instances of untruthfulness.

Finally, because a good faith reading of interrogatory 21 supports Brock's position that it did not require disclosure of the video, and because Strobeck did not request a continuance and had a weekend to prepare for the presentation of the video in any event, we cannot say the court abused its discretion in denying his motion to exclude the video.[9]

Affirmed.

WE CONCUR:

---

[7] Strobeck admitted at trial that his foot was under the car when he closed the door and that closing the car door signalled that he had retrieved his things and was ready to go.

[8] On cross-examination, Strobeck did not dispute that a video of him from his employment at Northwest Protective depicted him without any disability. Counsel then said, "[I]t was after we were able to secure the video that you have changed your testimony regarding when you were pain free because of the lumbar block, correct?" Strobeck answered, "Yes."

[9] See Gillespie, 89 Wn. App. at 404-06 (continuance may be an appropriate remedy for a surprise witness when there was no wilfull violation of a court order and no prejudice from a continuance); see also State v. Swan, 114 Wn.2d 613, 654-55, 790 P.2d 610 (1990) (because defense had a full day to prepare for rebuttal witness and did not request a continuance or seek to reopen case, admitting evidence was not abuse of discretion).

5