IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| COLIN HOFMANN, | No. 85353-8-I |
| Respondent, | |
| v. | DIVISION ONE |
| KAREN KONZ (formerly HOFMANN), | UNPUBLISHED OPINION |
| Appellant, | |
| and | |
| DANIEL SIMPSON, | |
| Defendant. | |

SMITH, C.J. — Karen Konz was found to have willingly and fraudulently failed to disclose and secreted community funds to purchase property during a dissolution proceeding with her former spouse, Colin Hofmann. Konz appeals and asserts the court erred when it considered loans she took out during the dissolution proceeding as community property. Because the trial court did not consider the loans as community property, we find no error and affirm.

FACTS

In August 2019, Karen M. Konz and Colin D. Hofmann dissolved their marriage following a three-month trial. During trial, Konz and Hofmann disputed the dissipation of approximately $200,000 from two bank accounts. The accounts belonged to Maple Leaf Pet Corner (MLPC), a veterinary clinic owned

and operated by Konz. The money was withdrawn between the initiation of the dissolution action and the beginning of trial. Hofmann argued Konz depleted the funds to buy a butcher shop in Ferry County, Washington. Konz denied any improper secreting of funds and provided alternative explanations for the dissipation of assets and decline in revenue at MLPC.

Acknowledging both parties' arguments, the court stated, "without more specific testimony, the court cannot simply review the Profit & Loss statements and the Balance Sheets and determine what amounts have been improperly spent." While the court noted Konz was not "forthcoming with financial information," it did not find misappropriation with regards to her handling of MLPC funds.

In November 2019, Hofmann initiated a complaint for partition of property, alleging Konz contracted to purchase the butcher shop using funds from MLPC during the dissolution of marriage proceeding. At the time of the proceeding, MLPC was considered community property and assigned a value of $807,000. The matter went to trial in November 2022, to determine whether Konz misappropriated funds from MLPC to purchase the butcher shop and whether Hofmann was entitled to half of the funds used to purchase the business.

At trial, Hofmann presented text messages from Konz to some of her friends. He discovered the messages on a phone left at his home. In four separate messages, all sent in June 2019, Konz asked her friends if they knew anyone who could loan her $180,000 to invest in a business and real estate. Her texts stated she had already "paid 140,000 on the 320,000" and if she didn't

come up with the remainder she would "lose [her] $120,000." When asked about the text messages at trial, Konz stated "they weren't truth to the matter. They don't even make sense to me to this day, trying to put everything out. And I'm like -- you know, I clearly was not thinking -- you know, I didn't have the -- I wasn't sure, you know, about numbers or stuff. And when I said 'I,' I meant Dan."

In response to Konz's messages, one of the friends suggested Konz could use her retirement account, to which Konz replied "I can take out that!" Less than a week after receiving that message, Konz withdrew $18,330 from a retirement account she failed to disclose during trial. Two weeks later, in early July 2019, Konz took out two loans, totaling $320,000. Less than a week after receiving the loans, Konz transferred a total of $86,655.66 to Alicia Carlos, the previous owner of MLPC. Carlos then wrote three separate checks to William Page, the owner of the butcher shop property, totaling $86,655.66.

The sale of the butcher shop property was finalized in September 2019. The title for the property listed Daniel Simpson, a friend of Konz, as the purchaser for $271,000, but Konz paid $6,421 for the closing costs. Simpson testified he used $100,000 of his own money to pay for the property. He produced a receipt for a cashier's check dated April 2019 for the sum of $100,000, but the receipt did not include a payee. Simpson claimed he was unable to obtain bank records to corroborate these funds came from his account. He also claimed he borrowed the remaining funds used to purchase the butcher shop from Konz, but has since made no payments on the alleged loan. Simpson testified Konz has current use of the butcher shop and associated property.

The trial court did not find credible either Konz's testimony about the text messages or Simpson's testimony about the purchase of the butcher shop. The trial court concluded Konz had purchased the butcher shop and listed Simpson as the buyer to "avoid detection." The court also found Konz used Carlos "in an effort to conceal her purchase of the Butcher Shop Property." The court noted the likely source of the $120,000 down payment for the butcher shop was MLPC revenue diverted by Konz, and the loans taken out in July 2019 were for the purpose of completing the purchase.

The court concluded the $120,000 used to purchase the butcher shop was a community asset and should have been before the dissolution court for distribution. The court specifically noted this amount was not included in the valuation of MLPC and, in light of Konz's deception, "it would be inequitable to attempt to recalculate the value of MLPC." The court granted Hofmann a constructive trust for the butcher shop property in the amount of $69,375 plus interest. The court also awarded Hofmann attorney fees and costs. Konz appeals.

Analysis

RAP 10.3

Hofmann claims Konz violated RAP 10.3 by not making concise statements of error, improperly citing the record, and failing to challenge specific findings. Konz does not address this issue in her reply brief. We conclude Konz's brief satisfies RAP 10.3.

RAP 10.3 governs the requirements for appellant briefs. RAP 10.3(4)

4

requires the appellant to include "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." The rule also requires factual statements in the "statement of the case" and "argument" to have a reference to the record. RAP 10.3(5)-(6). The record may consist of the report of proceedings, clerk's papers, and exhibits. RAP 9.1(a). Technical violations of RAP 10.3 will not bar review of the case when "the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief." *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 710, 592 P.2d 631 (1979).

Here, Konz failed to make concise statements of error and challenge specific findings, but the nature of her challenge was clear in her brief and Hofmann did not appear to have any trouble responding to Konz's claims. Because the challenged findings can be found in the text of the brief, we consider the merits of Konz's appeal.

### Washington Privacy Act

Konz claims Hofmann violated the Washington privacy act[1] when he read her text messages and shared them with his attorney. Hofmann contends Konz withdrew her objection at trial and cannot raise the issue for the first time on appeal. Hofmann also maintains the statute of limitations to bring such a claim has passed. Because Konz did not argue this issue at trial and the statute of limitations has run, we agree with Hofmann.

The Washington privacy act provides that it is unlawful for any individual to

---

[1] Chapter 9.73 RCW.

intercept or record any private communication transmitted by phone by two or more individuals by any device designed to record and/or transmit such communications without first obtaining consent. RCW 9.73.030. The statute of limitations to bring a claim under the Washington privacy act is three years. RCW 4.16.080. When a claim is not pled nor argued during trial, it cannot be raised for the first time on appeal. *Sourakli v. Kyriakos, Inc.*, 144 Wn. App. 501, 509, 182 P.3d 985 (2008).

During trial, Konz sought for the text messages to be excluded under RCW 9.73.030. The trial court asked for briefing on the issue. The next day, Konz withdrew the objection, stating "I couldn't, in good faith, continue to make that objection. . . . [W]e're going to withdraw our objection on the privacy grounds at this time." Konz now raises the issue in her opening brief, but admits in her reply brief "a claim for violating [Konz's] right of privacy under RCW 9.73.030 may have passed." Because Konz cannot raise this issue for the first time on appeal and the statute of limitations has run, we need not address the issue.

<u>Loans as Community Property</u>

Konz contends the trial court abused its discretion by considering the loan assets she acquired during the dissolution proceeding as community property. Hofmann claims the trial court did not consider the loan assets as community property. Because the court did not consider the loans as community property, we agree with Hofmann.

A court's decision is an abuse of discretion only when "its decision is manifestly unreasonable or based on untenable grounds." *In re Marriage of*

6

*Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002). A decision is manifestly unreasonable or based on untenable grounds if it is "unsupported by the record or result[s] from applying the wrong legal standard." *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018)

We review a trial court's factual findings for substantial evidence. *In re Vulnerable Adult Petition for Winter*, 12 Wn. App. 2d 815, 829, 460 P.3d 667 (2020). The substantial evidence standard requires evidence sufficient to "persuade a rational fair-minded person the premise is true." *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). We defer to the judgment of the trial court for matters concerning weight of the evidence or credibility of witnesses. *In re Welfare of Sego*, 82 Wn.2d 736, 739-40, 513 P.2d 831 (1973). Conclusions of law are reviewed de novo. *In re Est. of Little*, 9 Wn. App. 2d 262, 275, 444 P.3d 23 (2019).

Here, Konz claims the trial court abused it's discretion by considering the loans she took out during the trial as community property. She contends she took out the loans after the marriage ended and, therefore, they were separate property that did not affect the valuation of MPLC and should not have been considered in the judgment entered. But neither the court nor Hofmann disagree with Konz's assertion. The trial court did not consider the loans Konz acquired as community property and Konz provides no evidence to the contrary.

In its order, the court only references the loans as evidence of how Konz paid for the butcher shop. The court makes clear the misused funds were the moneys depleted from the MLPC accounts, which Konz does not deny were

7

community property.  In the order, the court states, "[d]uring the dissolution proceedings, there is clear cogent and convincing evidence that Konz willfully and fraudulently failed to disclose to Hofmann and to the trial court the existence of $120,000 that she diverted [from MPLC] and used as a down payment for the Butcher Shop Property. By hiding this asset, Konz breached her fiduciary duty to Hoffman."  Additionally, the court noted the valuation of the business was not affected by the loans; the valuation was affected by Konz's diversion of funds in the MLPC accounts.  In making its findings, the court relied on witness testimony, bank records, and text messages from Konz's phone.

Konz also contends the trial court erred by relying on the dissolution court's statement that $200,000 had been depleted from the accounts because the trial court "could not determine what amounts have been improperly spent." But proving how the $200,000 was spent is precisely the question the trial court addressed.

Because substantial evidence existed for the court to determine Konz had used funds from MLPC accounts to purchase the butcher shop, and the court did not consider the loans as community property, the court did not abuse its discretion.

Constructive Trust

Konz asserts the court erred when it imposed a constructive trust because clear and convincing evidence did not exist to prove she misused funds. Hofmann disagrees.  Because substantial evidence supports a finding that Konz secreted funds from MPLC, we agree with Hofmann.

"A constructive trust is an equitable remedy by which a court may restore property that another has gained through questionable means, such as fraud, misrepresentation, or overreaching." *In re Gilbert Miller Testamentary Credit Shelter Tr.*, 13 Wn. App. 2d 99, 106, 462 P.3d 878 (2020). Courts may choose to impose a constructive trust to prevent unjust enrichment. *Gilbert*, 13 Wn. App. 2d at 107. A constructive trust is proper when there is "clear, cogent, and convincing evidence of the basis for impressing the trust." *Baker v. Leonard*, 120 Wn.2d 538, 547, 843 P.2d 1050 (1993)

Konz contends that a constructive trust is an improper solution because clear and convincing evidence did not exist to prove she used community funds to purchase the butcher shop. However, because substantial evidence supports the trial court's finding that Konz diverted community funds and breached her fiduciary duty, the court did not err when it imposed a constructive trust.

### Attorney Fees

RAP 18.1 provides that applicable law may grant a party the right to recover reasonable attorney fees or expenses on review. A party requesting fees under RAP 18.1 must provide argument and citation to authority "to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Here, both Konz and Hofmann request an award of fees under RAP 18.1. Konz does not cite to any authority for her request, she simply states Hofmann pursued his claim in bad faith. Because Konz failed to comply with the mandatory requirements of RAP 18.1, we deny her request for attorney fees.

Hofmann cites to RCW 26.09.140 in his request for attorney fees. Under RCW 26.09.140, a trial court may award attorney fees after considering the financial resources of both parties. While generally this statute is applied to dissolution proceedings, a partition action to divide property that was concealed at the time of the dissolution is a continuation of the dissolution proceeding for purposes of an award of attorney fees. *Seals v. Seals*, 22 Wn. App. 652, 657, 590 P.2d 1301 (1979).

A court need not consider the parties' financial resources in awarding attorney fees when one party's intransigence causes additional legal fees. *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). Typically, an award of attorney fees based on intransigence is limited to additional fees incurred because of the intransigence, but "where a party's bad acts permeate the entire proceedings, the court need not segregate which fees were incurred as a result of the intransigence and which were not." *Burrill v. Burrill*, 113 Wn. App. 863, 873, 56 P.3d 993 (2002).

Similar to the trial court, a court of appeals may award attorney fees "[w]here an intransigent spouse's appeal 'amounts to little more than an effort to carry on with the same efforts which caused [them] to lose credibility with the trial court." *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 413, 505 P.3d 1218, 1233 (2022) (alteration in original) (quoting *In re Marriage of Sievers*, 78 Wn. App. 287, 312, 897 P.2d 388 (1995)).

Hofmann also claims the appeal is frivolous and the court may impose sanctions under RAP 18.9(a). An appeal is frivolous "if there are 'no debatable

issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility' of success." *In re Recall Charges Against Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003) (internal quotation marks omitted) (quoting *Millers Cas. Ins. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)).

Here, the trial court determined "Konz's bad faith permeated the entire proceedings" and awarded Hofmann reasonable attorney fees and costs. Because Konz's appeal is a continuation of the intransigence demonstrated at the trial court, and there are no debatable issues on appeal, we award reasonable attorney fees to Hofmann.

Sufficient evidence supports the trial court's finding that Konz diverted funds from MLPC and used them to purchase the butcher shop, and the imposition of the constructive trust was a proper remedy to prevent unjust enrichment. We affirm and award Hofmann reasonable attorney fees and costs.

Smith, C.J.

WE CONCUR:

Hazelrigg, A.C.J.                    Mann, J.